THE MINNESOTA VALLEY R. R. CO.

*vs.*

MICHAEL DORAN.

An order of the district court refusing a new trial, in an appeal from the report of commissioners appointed to assess damages under the act incorporating the Minnesota Valley Rail Road Company, is a final order in a special proceeding, and an appeal lies therefrom to the supreme court under *Sub-division* 6, *Sec.* 8, *Chap.* 86, *of the General Statutes.*

In a proceeding to assess damages under the act of incorporation of said R. R. Co., where the premises described in the petition are but a part of a compact tract of land, actually used as one farm, and all owned by the same person, damages may be assessed to the whole tract, but where the same owner has two or more distinct and separate but adjoining farms, through but one of which the rail road passes, and the farm adjoining the one through which the road passes is not described in the petition or order of court appointing the commissioners, and authorizing the assessment, upon the trial of an appeal to the district court, from the report of such commissioners, the owner cannot be allowed compensation for damages to such adjoining farm, for injury claimed to have resulted from the construction of said road.

Where upon the trial of an appeal from the report of the commissioners, the owner of the land described in the petition and report, offered evidence of title in himself to other land not therein described, and testimony was received as to damages to all the land, and there was not sufficient evidence to justify the court in submitting to the jury the question whether the entire premises constituted one farm, but the testimony showed beyond reasonable doubt, that they were not one farm, but were two farms, it was error for the court to refuse, when requested, to instruct the jury to consider the land described in the petition or report as to which testimony was given, as two separate and distinct farms.

The district court for the county of LeSueur, upon the petition of the plaintiff, appointed commissioners to ascertain and determine the compensation to be paid the defendant for the right of way for plaintiff's railroad over certain lands of the defendant, described in the petition, consisting of a farm and certain town lots. The defendant appealed to said court from the award of said commissioners, and a trial was had therein before a jury. Cyrus J. Myrick the first witness for defendant, appellant below, said, "I am a surveyor and civil engineer. (The witness was shown two plats, one of the farm premises, and the other of the town lots.) I made the plats; they are correct." The plats were then introduced in evidence, with an agreed explanation as to the subdivision of the lots. The defendant, Doran, then offered in evidence a deed from Michael Lynch to him, of the southwest quarter of section 19, township 112, range 25, (lands not described in the petition, and over which the railroad did not pass) as part of the farm of defendant, for which he claimed damages. It was admitted by plaintiff that the title to this land, at the time of the execution of the deed, was in Lynch, and that the land adjoined that described in the petition; and it was included in the plat received in evidence. The plaintiff objected to the introduction of the deed as incompetent and irrelevant; that the question as to damages to the land described in the deed offered was not in issue in the action. The objection was overruled by the court and the plaintiff excepted. Almost all the evidence on the part of the defendant in regard to the damages sustained, referred to the whole land as a single tract. The evidence as to whether the two tracts of land constituted one entire farm was substantially as follows: On the part of the defendant Ira Myrick testified, "I am not much acquainted with the upper farm. I know the

Graham farm." Wm. Walsh: "I know the farm of Mr. Doran through which the railroad runs; I have lived. on the farm." On his cross-examination he says, "    *    * when I speak of from $45 to $50 per acre, (as the value of . the land) I mean the whole farm. I don't mean Richard Doran's farm; there is about 160 acres in it; the other is a different place altogether." The defendant himself says: "I know my farm below LeSueur, and how the railroad crossed it. There is 170 acres in section 24, and 145 acres in section 19, in Tyrone township. The land is all adjoining. There is one tenant living on one part of the land in 19, and another on the other, in section 24. There is in all 300 acres of good level land; 235 acres on the east side of the railroad, and 70 acres on the west side. There is 13 acres of tillable land on the west side; the rest is bottom land. There is living water on the farm; it is along between the table land and bottom land. The St. Paul highway takes off about 40 acres in section 19; the road runs up the hill, and strikes the farm in section 24, and runs along about the width of the road on that, and then cuts off about 40 acres of that in section 19. The bluff between the farms is not so steep but it can be passed; there is only one or two places where a good wagon road can be made    * *    ." On his cross-examination, he says: "I regard the farm in section 19 also injured to the extent of $5 per acre, by the road being built where it is. My brother lives on the farm in section 19, under me; lives on the St. Paul road    *    *    . All the estimates I have upon the whole 300 acres; that in section 19 is damaged like the rest; it is occupied separately now; it is all one farm for me, or can be made so." Matthew Donahue on his cross-examination says: "I have not considered it as being two separate farms." Six witnesses testify for the plaintiff upon the

Minnesota Valley R. R. Co. v. Doran.

point, and each says distinctly, that the farms were separate; and several of them, that they have always been so.

At the close of the testimony the plaintiff requested the court to give in charge to the jury, among other propositions the following: "That in view of the testimony the court instruct the jury to consider the land described in the report, and that described in the deed introduced in evidence by the appellant, (defendant,) as two separate and distinct farms." The court refused so to charge and instructed the jury instead: "that a farm consisted of more or less land in a body, used and occupied as a whole, and that the jury must determine from the evidence, applying the previous instructions thereto, whether the land described in the commissioners' report, and deed from Lynch to Doran constituted but one farm, or two or more distinct and separate farms, or tracts of land;" to which refusal and charge, the plaintiff excepted.

The jury found for the defendant increasing the damages awarded by the commissioners: their verdict was as follows: "On the farm of said Michael Doran, we assess the damage at twelve hundred dollars, and on lots 3, 4 and 5, in block 22, one hundred and thirty dollars, ($130;) lots 10, 11 and 12 in block 18, one hundred and seventy dollars, ($170;) lots 15 and 16 in block 42, three hundred and fifty dollars, ($350)." The plaintiff moved for a new trial, which was denied, and it appeals from the order denying the same to this court. In this court the defendant made a motion to dismiss the appeal, on the ground that such appeal is not authorized by the statute respecting appeals.

Swan & Bangs for Appellant.

Caldwell & Severance and Brisbin & Palmer for Respondent.

*By the Court*—McMILLAN, J.—In 1868, the railroad company presented a petition, in pursuance of the statute, for the appointment of commissioners to ascertain and determine the compensation to be paid to Michael Doran for the right of way over certain lands of the petitionee, described in the petition : commissioners were appointed and made report fixing the compensation in damages. From this report of the commissioners, Doran appealed to the district court, when the case was tried by a jury, and resulted in finding for the appellant as follows :

On the farm of said Michael Doran we assess the damages at $1200 ; on lots 3, 4 and 5, in block 22, $130 ; lots 10, 11 and 12, in block 18, $170 ; lots 15 and 16 in block 42, $350. Whereupon the railroad company moved for a new trial, which was denied, and from the order denying a new trial, it appealed to this court. The attorney for Doran, the respondent in this court, moves to dismiss the appeal, on the ground that the statute does not authorize an appeal to the supreme court. We are of opinion that the motion to dismiss the appeal must be denied. The order refusing a new trial, denies the right to either party to have any further hearing or trial of the questions at issue in the proceeding, and substantially disposes of the case. It is therefore a final order affecting a substantial right, made in a special proceeding and is appealable under *sub. div. 6th, of sec. 8, ch. 86 of the General Statutes.* In *McNamara vs. Min. Central R. Co.* 12 *Min.* 394, the order appealed from was an order *granting* a new trial, which, it is held there, does not come within the statutory provision above cited, because an order of that kind does not finally dispose of the proceeding, or any question involved in it, but only retains the case in court for a rehearing. The case cited, therefore, does not apply here. But further, the language of the pro-

vision regulating appeals of this character, contained in the act incorporating the Minnesota Central Railway Co., (*Sp. L.* 1864. *ch.* 2, *sec.* 20. *pp.* 171–2,) which, it is conceded in the case above cited, did not authorize an appeal to this court, is materially different from that used in the act incorporating the appellant in this case ; *Sess. L.* 1855, *ch.* 24, *sec.* 6. *p.* 77, and we are not prepared, at this time, to say that the right of appeal to this court is not given by the terms of the latter act.    This brings us to the merits of the appeal.

It has already been determined by this court, that in proceedings of this kind, to assess damages, neither the commissioners nor the court, upon an appeal from the commissioners' report, are necessarily restricted to the lands described in the petition, but that, where the lands described in the petition, are but a part of a compact tract of land, actually used as one farm, and all owned by the same person, under such petition damages may be assessed to the whole tract.    *W. & St. P. R. R. vs. Denman*, 10 *Minn.*, 267.

The reasonableness of the rule we think must be apparent.    The proceeding to condemn the land is a proceeding *in rem.*    Where several governmental subdivisions of land are actually connected with, and used and occupied as a farm, it is notice to every one that the farm is a unit, and that injury to any part of it is an injury to the whole.

But if the same owner has two or more distinct and separate, but adjoining farms, through but one of which the rail road passes ; (assuming for the sake of the argument, that the company would be liable in a proceeding of this character, for damages to the other farm or farms,) it would be unreasonable to require this company to take notice of damages to lands through which it did not pass, or in the absence of specific notice that the owner of a tract of land through which the road did not pass, claimed damages for

any alleged injury thereto. For these reasons, among others, the company when it makes the application in a proceeding of this character, whether it describes the whole farm by government subdivisions, or but a part, is bound to take notice of the whole, and be prepared to meet a claim for damages to the whole. Upon the trial of the case at bar, in the district court, Doran, the respondent here, and appellant there, offered to introduce a deed from Michael Lynch to Michael Doran, of the southwest quarter of section nineteen, township one hundred and twelve, range twenty-five, as part of the farm of M. Doran, for which he claims damages. It was admitted by the counsel for the railroad company, the appellant here, that the title to the land described in the deed, was at the time of the execution of the deed, in Lynch the grantor, and that the land adjoins that described in the petition. The plaintiff objected to the introduction of the deed as incompetent and irrelevant; that the question of damages to the land described in the deed offered, is not an issue in this action. The objection was overruled by the court, and the plaintiff excepted.

When the parties had rested the case, the appellant submitted to the court a number of propositions in writing, requesting the court to give them in charge, respectively, to the jury. Among these was the following: "That in view of the testimony, the court instruct the jury to consider the land described in the report, and that described in the deed introduced in evidence by the appellant, (defendant,) as two separate and distinct farms;" which the court refused to charge, and instead, instructed the jury: "that a farm consisted of more or less land in a body, used and occupied as a whole, and that the jury must determine from the evidence, applying the previous instructions thereto,

Minnesota Valley R. R. Co. v. Doran.

whether the land described in the commissioners' report, and deed from Lynch to Doran, constituted but one farm, or two or more distinct and separate farms, or tracts of land."

The first witness called in the case was Cyrus G. Myrick, who said : "I am a surveyor and civil engineer, (the witness was shown two plats, one of the farm premises, the other of the town lots,) and said, I made the plats ; they are correct. " The plats were then introduced in evidence, with an agreed explanation as to the subdivision of the lots. This was the only testimony in the case at the time the deed referred to was offered in evidence, and was clearly insufficient to connect the land described in the deed, and that described in the petition as one tract or farm ; but as it was necessary for Doran to prove both his title to the land, and that all the premises were actually occupied as one farm, (the order of proof is a matter in the discretion of the court) strictly speaking, perhaps the offer of proof as to title, should have been accompanied with a proffer to prove that the premises were actually but one farm, but we think it would not be a wholesome practice to insist on such technicalities ; certainly if proof sufficient had followed to authorize the submission of the question to a jury, there would be no error which would affect the case. We think, too, in such case, ordinarily the party objecting to evidence under such circumstances, upon a subsequent failure of the necessary evidence, should call the attention of the court directly to the matter, by moving to strike out the evidence deemed objectionable. But we think, under the circumstances of this case, it was error for the court to refuse to charge the jury in accordance with the request of the appellant, which we have quoted.

An examination of the testimony in the paper book, which purports to contain all the testimony, satisfies us, be-

yond any reasonable doubt, not only that there was not sufficient testimony to justify the court in submitting to the jury the question whether these premises constituted one farm, but that the testimony showed, beyond reasonable doubt, that they were not one farm, but were two farms. Of the witnesses called by Doran, Ira Myrick says, " I am not much acquainted with the upper farm, I know the Graham farm." William Walsh says, " I know the farm of Mr. Doran through which the railroad runs; I have lived on the farm." On his cross-examination he says, " * * when I speak of from $45 to $50 per acre, (as the value of the land) I mean the whole farm; I dont mean Richard Doran's farm; there is about 160 acres in it; the other is a different place altogether;" and Michael Doran, the respondent, himself says, " I know my farm below LeSueur, and how the railroad crosses it. There is 170 acres in section 24, and 145 acres in section 19, in Tyrone township. The land is all adjoining. There is one tenant living on one part of the land in 19, and another on the other, in section 24. There is in all 300 acres of good level land; 235 acres on the east side of railroad and 70 acres on the west side; there is 13 acres of tillable land on the west side, the rest is bottom land. There is living water on the farm; it is along between the table land and bottom land. The St. Paul highway takes off about 40 acres in section 19; the road runs up the hill, and strikes the farm in section 24, and runs along about the width of the road on that, and there cuts off about 40 acres of that in section 19. *The bluff between the farms,* is not so steep but it can be passed; there is only one or two places where a good wagon road can be made. * * " On his cross-examination he says, " I regard that farm *in section* 19, *also* injured to the extent of $5.00 per acre by the road being built where it is. My

brother lives on the farm in section 19, under me; lives on the St. Paul road." * * * * All of the estimates I have upon the whole 300 acres; that in section 19 is damaged like the rest; it is occupied separately now; it is all one farm *for me, or can be made so*," Matthew Donahue on his cross-examination says: " I have not considered it as being two separate farms." It seems to us the witness here meant, that in fixing his estimate of the value of " the land," he did not make his estimate with reference to the fact that the land constituted two separate farms.

Of the appellant's witnesses, Jonas Hurn, E. R. Smith, George D. Snow, Peter Wilkins, Samuel J. Wise, and William H. Patten, each testifies distinctly, that the farms were separate, and several of them, that they have always been so.

It is with great reluctance we interfere with the verdict of a jury, but in this case there is such an entire absence of evidence to establish the fact that the lands described in the petition and report, and those described in the deed are one farm, and such a degree of evidence that they are in fact separate farms, that we are led irresistibly to the conclusion, that the judge should have charged the jury as requested by the appellant, and since almost the entire testimony of the plaintiff's witnesses as to the value of the land, referred to the whole land, as a single tract, it is impossible to say that the jury may not, in arriving at the damages, have embraced in their calculation the injury to the whole land as one tract; indeed it is altogether probable they did.

For this error indicated, the order denying a new trial must be reversed.