# The Saint Paul & Sioux City Railroad Co.

## *vs.*

## Lyman Matthews.

The sufficiency of evidence to sustain a verdict, against an objection that the amount of damages allowed for taking land for the use of the road, and the injury occasioned thereby to the remaining portion of the respondent's land, considered and determined.

Under the charter of St. Paul & Sioux City Railroad Company, the question of the title to the land actually appropriated by the company for its road, is to be determined by the court at the time of appointing the commissioners to assess damages, and is not a question before the commissioners.

On an appeal to the district court from the report of the commissioners, when the petition of the company for the appointment of commissioners describes the land to be appropriated for the use of the company with reasonable certainty, and alleges the ownership thereof to be in the claimant, the allegation of ownership is ownership in fee; and where no issue is taken as to the ownership, the question of title to the strip of land taken is not in issue; and as to that portion of the land, the title is admitted upon the record, and need not be proved by the claimant to the land.

Under the provisions of the charter of the Saint Paul & Sioux City Railroad Company, upon an appeal from the report of the commissioners appointed to assess damages to a land owner for land appropriated by the railroad company, where the owner claims damages, not only for the portion actually appropriated by the company, but also for injury to the remaining portion of his land, by such appropriation for the purposes of the road ; *as to such remaining portion of the land,* in such a proceeding, the railroad company is in no better position than a stranger, and proof of actual possession of such portion of the land is *prima facie* evidence of title in fee as against the company.

VOL. XVI.—23

Ordinarily, the only portions of the record which can be referred to, in order to determine the questions submitted to and passed upon by a jury, are the written pleadings or settlement of the issues in the action; but on a general appeal to the district court from the report of commissioners to assess damages for the appropriation of land by a railroad company, and injury occasioned thereby, where the statute under which the proceedings are had does not prescribe any other pleading or written allegation than the petition of the company for the appointment of the commissioners, and no issues are formally settled of record by the court, or parties, but the issues submitted to the jury are raised upon the trial by the proofs of the parties, and a case is settled in the district court embodying the proceedings upon the trial, which may constitute a part of the judgment roll, and upon which a motion is based to set aside the verdict as contrary to law, the case settled, may be referred to for the purpose of determining the issues, and in support of the verdict.

On appeal from the report of the commissioners to assess damages under the charter of Saint Paul & Sioux City Railroad Company, the judgment in the district court, not the verdict of the jury, is the operative proceeding by which the title to the premises taken for the road is secured to the company, and by which the rights of the parties in other respects are finally determined. If in such case, from the petition and the case settled, together with the verdict of the jury, a judgment may be entered specifying clearly the relief granted, the verdict of the jury is sufficient.

The sufficiency of a verdict of a jury finding generally a gross sum as damages to the owner of land, without describing the land, or referring to it, upon the trial of an appeal from a report of commissioners under the charter of the Saint Paul & Sioux City Railroad Company considered, and upon the facts presented in the record, held to be sufficient.

The plaintiff appeals to this court from an order of the district court for Blue Earth county denying its motion for a new trial. The case is sufficiently stated in the opinion of the court.

JAMES A. WISWELL for Appellant.

M. J. SEVERANCE and DANIEL BUCK for Respondent.

The St. Paul & Sioux City Railroad Company v. Matthews.

*By the Court*—McMILLAN, J.—The Saint Paul & Sioux City Railroad Company presented to the district court of Blue Earth county their petition for the appointment of commissioners to ascertain and determine the compensation to be made for certain lands, among others, certain lands, described in the petition, owned by Lyman Matthews, the respondent, to be appropriated for the construction of its road in pursuance of its charter; commissioners were appointed, who reported to the district court, appraising the damages done to the lands of the respondent at $700; he thereupon appealed to the district court from the report of the commissioners.

The case upon the appeal was tried by jury in the district court, and resulted in a verdict for Matthews, the respondent here, for $1,500.

The railroad company moved for a new trial upon the following grounds:

1st. Excessive damages appearing to have been given under the influence of passion or prejudice.

2d. That the verdict is not justified by the evidence, and is contrary to law. The motion for a new trial was denied, and from the order denying the motion the company appealed to this court.

The appellant in support of its appeal urges three grounds of error in the proceedings in the court below:

1st. That the damages are excessive.

2d. That the respondent should show the extent of his title to the land.

3d. That the verdict should have described the land.

We shall consider these grounds in their order:

Upon the trial in the district court, it was admitted by the counsel of the respective parties, that there were eighty acres in the respondent's farm. This admission was made,

doubtless, in view of the decisions of this court, that where the land described in the petition of the railroad company seeking to appropriate premises to their use for the purposes of the road, is but part of a compact tract of land actually used as one farm, and all owned by the same person, damages may be assessed for the injury to the whole tract. *W. & St. P. R. R. Co. vs. Denman*, 10 *Minn.* 267. *Minn. V. R. R. Co. vs. Doran*, 15 *Minn.* 230. The admission, therefore, must be construed to mean that the premises taken by the company in this instance, were part of an entire tract containing eighty acres. actually used as a farm by the respondent

The damages assessed by the jury, therefore, were for the injury to the farm of the plaintiff, and were based evidently upon the assumption of his ownership in fee of the premises. There were seven witnesses sworn on the part of the respondent, each of whom testified to the value of the land without the railroad, and its value with the railroad constructed on the route proposed, and several of them to the specific injuries occasioned to the farm by the construction of the road; and by the testimony of each witness the damages to the respondent would amount to more than that allowed by the jury. No objection was made to any part of this testimony; nor is it urged that any element entered into the computation of damages, which might not properly be considered.

Three witnesses were examined on behalf of the appellant, whose testimony goes to show that the damages to the respondent's farm would be less than that allowed by the jury. There is no question raised as to the veracity of any of the witnesses upon either side.

Under this state of facts, there is certainly evidence suffi-

cient to sustain the verdict, and we are not at liberty to disturb it.

The objection, therefore, that the damages are excessive, must be overruled.

The second ground of error alleged is that the respondent should have shown title to the land, and did not.

The charter of the company prescribes fully the manner in which the company is to proceed in all cases of this kind, and the rights of the parties in this case are to be determined in accordance with its provisions. *Sess. L.* 1855, *ch.* 24. 1 *Redfield on Railways, p.* 272, *and authorities cited in note* 1. Where the land required for the road is not purchased of, or voluntarily given by the owner to the company, the charter provides that the " corporation may present to a court in a county in which the lands or real estate proposed to be taken shall be situated, having jurisdiction competent to entertain, adjudicate and determine questions of title to real estate, a petition signed by some authorized agent or attorney thereof, describing with reasonable certainty and accuracy, by map, plat, survey or otherwise, the lands or real estate so proposed or required to be taken, and setting forth the name of each and every owner, incumbrancer, or other person interested in the same or any part thereof, so far as the same can be ascertained by the legal records affecting the same, and by view of the premises or other inquiry touching the occupation thereof, and praying the appointing of three competent disinterested persons as commissioners to ascertain and determine the compensation to be made to the said owner or owners respectively, and to all tenants, incumbrancers and others interested, for the taking or injuriously affecting such land or real estate." The act then proceeds to prescribe that: "A copy of such petition with a notice of the time and place when and where the

same will be presented to the court, shall be served on each and every person named therein as owner, incumbrancer, tenant or otherwise interested therein, at least ten days previous to the time designated in such notice for the presentation of such petition," and specifies particularly the mode of such service; and the circumstances under which the court shall not, or shall, make any order for the appointment of commissioners.

The charter further provides as follows: " When the court shall have proof satisfactory that all parties interested in any parcel of land have been duly served with the petition and notice in the manner herein prescribed, and of the nature and extent of the interest or estate of each and every party in the same, the court may make an order to be recorded in the minutes thereof, appointing three disinterested, competent persons commissioners to ascertain and determine the amount to be paid by the said corporation to each of such persons as compensation for his interest or estate in such parcel or parcels of land, and specifying the time and place of the first meeting of such commissioners. The said corporation shall without delay procure and deliver to each of such commissioners a copy of such order.. Before the said commissioners shall enter upon the discharge of their duties, they shall respectively take and subscribe an oath that they will faithfully and impartially, and without fear, favor, reward or the hope or promise of reward, discharge their duties as commissioners to ascertain and determine the compensation to be paid by the Root River & Southern Minnesota Railroad Company to [here insert the names of the persons whose property is to be appraised] for lands or interest in lands to be taken for the use of said company." The act then provides for the meeting of the commissioners and proceedings before them, and proceeds

as follows: "They shall make and sign a report which shall contain a description by metes and bounds, survey, map or plat, of each separate parcel of land proposed to be taken by the said company for its use, and the compensation for which they shall ascertain and determine, and the amount [if anything] to be paid by said company to each person whose interests are to be affected thereby. They shall as soon as their report shall be made, attach thereto their minutes and oath of office, and file the same in the office of the clerk of the court appointing the said commissioners, and notify the parties interested in such report that the same is made and filed."

The act then provides for an appeal by the company, or any person interested, within twenty days after the service of notice of filing said report; and when an appeal is taken prescribes that "the cause upon such appeal shall be entered, proceeded in and determined in the same manner as cases on appeal from courts of justice of the peace; and in case the appeal shall involve the determination of any question of fact, the same shall be tried by a jury, unless the jury shall be waived by both parties."

The right to initiate proceedings under the charter is not extended to the person owning or interested in the land, but is restricted to the company.

We think it is clearly the intent and effect of this act, to require the court to which the petition is presented, at the time of appointing the commissioners under the petition, to adjudicate and determine, for the purposes of a proceeding of this kind, at least, the persons interested in the lands proposed to be taken by the company, and the nature and extent of the interest or estate of each and every party in such land, and to specify the same in the order appointing the commissioners; thus excluding these questions from the consideration of the commissioners.

We draw this conclusion from the fact, that the company is required to describe in its petition the lands proposed to be taken, and to set forth the name of each and every owner, incumbrancer or other person interested in the same, or any part thereof, so far as the same can be ascertained by the legal records affecting the same, and by view of the premises, or other inquiry touching the occupation thereof, and thus to this extent putting the company upon notice of the persons interested in the land or any part of it, and the nature or extent of the interest or estate of such persons therein; that notice to all such persons is to be given of the time and place the petition is to be presented; that the petition is to be presented to a court having jurisdiction to entertain, adjudicate and determine, questions of title to real estate in the county in which the land or real estate proposed to be taken is situated; that the act clearly contemplates the appearance of such persons, or those of them who wish to appear at the hearing of the petition, and that the court at such hearing is to have proof satisfactory that all persons interested in any parcel of land have been duly served with the petition and notice prescribed, and of the nature and extent of the interest or estate of each and every party in the same, and that the names of the persons whose property is to be appraised is to be inserted in the oath of the commissioners, taken before they proceed to the discharge of their duties.

In regard to what further effect is to be given to this order, as to the rights of the parties affected by it, either with reference to the order itself, or the hearing before the commissioners, we do not design here to intimate any opinion whatever.

The order made in this case is not, but should have been contained in the return.

The petition, however, which is before us, sets forth, among other things, that the company have located and determined the route or line of their road, "and have surveyed and marked upon the land by stakes, the center line of the said road upon and across the land hereinafter described, the owner, occupant, incumbrancer, and all other persons interested therein being also set forth according to their respective interests, so far as the same can be ascertained, by the legal records affecting the same, and by view of the premises or other inquiry touching the occupation thereof. And the said company are desirous of obtaining the right of way upon and across the hereinafter described lands where its said road is now located for the main track thereof; and the said company require, for the purpose of constructing and maintaining its road, a strip or belt of land of the width hereinafter specified and stated on each side of the central line of the said road, as the same is now located and marked upon and across the said lands, and of acquiring the full, free, sole and unrestricted use and enjoyment of said strip or belt of land. That the said lands are situate and lying in the county of Blue Earth and state of Minnesota, and are described and the respective owners and interests are set forth, as follows:   *   *   *   and for taking the following described piece or strip of land, commencing at a point twenty (20) feet north of the quarter section post on the south line of section fourteen, township one hundred and eight, range twenty-seven, thence running south twenty feet, thence west eighty feet, thence northeasterly parallel to, and thirty-three feet distant from the center line of said railroad, as now located, eighty-two and one-half feet, more or less, to place of beginning, and fifty feet in width on each side of the center line of said rail road, as now located over and upon the southwest quarter of section fourteen,

township one hundred and eight, range twenty-seven, owned by Lyman Matthews."

The term "owner," as used in the charter and petition in connection with the land taken, clearly means the owner in fee of the premises.

The petition then alleges the ownership in fee of the premises taken to be in Lyman Matthews, and it appears from the report of the commissioners, that they made the award of damages to him, as owner. It does not appear that the respondent made any other claim of title than that of owner, either before the court at the hearing, or before the commissioners; and it does appear that he claimed the ownership in fee upon the trial in the district court. As he could have no higher estate in the premises, in the absence of the order, and under the circumstances stated, we must presume that the facts as stated in the petition, among others Matthews' ownership in fee of the premises taken for the road, were established before the court in the order appointing the commissioners.

The appeal which was tried in the court below was an appeal from the award of commissioners, and this appeal is from the order denying a new trial on that appeal; so far, therefore, as the title to the premises taken by the company is concerned, that question was not before the commissioners, and is not before us on this appeal; but so far as the title to the remaining portion of the tract or farm, a part of which is taken for the road, which Matthews claims to be in him is concerned, that is not embraced in the petition or order, and is not therefore determined by the court.

It has been determined by this court, that in proceedings of this kind to assess damages, neither the commissioners, nor the court, upon an appeal from the commissioners'

The St. Paul & Sioux City Railroad Company v. Matthews.

report, are necessarily restricted to the lands described in the petition; but where the lands described in the petition are but part of a compact tract of land actually used as one farm, and all owned by the same person, damages may be assessed to the whole tract. It was competent, therefore, for the commissioners, in addition to the damages or compensation to Matthews for the land taken by the road, to allow him damages occasioned by such taking to the balance of his farm; and in order to entitle him to recover in the district court, it would be incumbent on him to show his title to the land claimed to be injured; the question of title to that extent, therefore, was before the court on the appeal, and is properly raised here.

The question then is, what is sufficient evidence of title to such remaining portion of *the* land, a part of which is taken?

It was held by this court in *The Minn. Valley R. R. Co. vs. Doran*, *cited ante*, that the company, when it makes application in a proceeding of this kind, whether it describes the whole farm by government subdivisions, or but a part of it, is bound to take notice of the whole, and be prepared to meet a claim for damages to the whole. Whether under this charter the company, where the land taken is part of an entire tract or farm, is not bound to take notice of the title, we need not now determine. However that may be, since the land appropriated by the road is taken *in invitum*, and as to the remaining portion of the land the company acquires no title or interest whatever, it is in no better position than a stranger, and as to such remaining portion of the land, proof of actual possession is *prima facie* evidence of title in fee as against the company in a proceeding of this kind. *Rau vs. The Minn. V. R. R. Co.* 13 *Minn.* 443, *and authorities cited.*

The evidence of the plaintiff, that he was the owner of the land, and lived on it, and has been on it for fifteen years, in the absence of all other evidence of title, was sufficient proof of ownership.

The objection under consideration, therefore, is not well taken.

The remaining objection is that the verdict is insufficient, because it does not describe the land.

The form of the verdict, as it appears from the record before us, is a general finding of $1,500 damages for the appellant.

The charter of the company, as we have seen, specifically requires that the report of the commissioners " shall contain a description by metes and bounds, survey, map or plat, of each separate parcel of land proposed to be taken by the said company for its use, and the compensation for which they shall ascertain and determine, and the amount [if anything] to be paid by said company to each person whose interests are to be affected thereby," and that " the report shall be final and conclusive, unless appealed from," in the manner prescribed in this act; but where an appeal is taken from the report to the proper court, the cause upon such appeal shall be entered, proceeded in and determined in the same manner as cases on appeal from courts of justice of the peace.

The determination of an appeal from a justice of the peace is by the entry of a judgment in the appellate court.

Whatever, therefore, may be the effect of the report of the commissioners where no appeal is taken, where an appeal is taken, the judgment is the only final determination of the rights of the parties.

By a general appeal from the report of the commissioners as in this case, the report is superseded.

The St. Paul & Sioux City Railroad Company v. Matthews.

The statute prescribes no other pleading or written allegations than the petition; nor in this case were any issues formally settled of record by the court, or parties; but the issues submitted to the jury seem to have been raised upon the trial by the proofs of the parties, respectively

The proceedings upon the trial are not in themselves matter of record, but in this instance have been made such by the settlement of a case upon which the motion for a new trial is based.

Ordinarily, the only portions of the record whicn can be .referred to in order to determine the questions submitted to, and passed upon by the jury, are the written pleadings or settlement of the issues in the actions; but in this case, under the circumstances in which it is presented, and 'in view of the indefinite provisions of the charter, the parties having settled a case, which by the statute may constitute a part of the judgment roll, ( *Gen. Stat ch.* 66, *title* 21, *sec.* 252, *subdiv.* 2, *pg.* 485,) we think the case settled may be referred to for the purpose of determining the issues, and in support of the verdict.

If then from the petition and the case settled, together with the verdict of the jury, a judgment may be entered specifying clearly the relief granted, the verdict is sufficient.

From the petition filed, and the proofs and admissions of the parties upon the trial as embodied in the case settled, it appears, that the issues for the jury were the damages occasioned to the respondent by the appellant's taking the strip of land described in the petition as amended on the trial, and the injury thereby to the farm, comprising eighty acres of land, occupied and in possession of the respondent, of which it was a part.

So far as relates to the land actually taken, that is

required to be, and is described in the petition with reasonable certainty, and if the petition is matter of record, the petition, with the general finding by the jury, constitute a sufficient basis for a judgment for damages for the specific land taken.

As to the damages to the balance of the land, if we were confined in considering the verdict to the petition alone, it may well be doubted whether it could be sustained; but, as we have determined that the case may be referred to, to ascertain the issues and their subject matter, it is ascertained therefrom that the land injured was the farm of the respondent of eighty acres, in his actual possession, of which the strip taken was part. This we think is a sufficient description of the property to support a judgment upon a general finding for damages for injury to the land; it identifies with sufficient certainty the property injured, and the subject matter of the action for which the damages were allowed.

The record will always show that the damages were allowed for the injury by this taking to the farm of eighty acres, (of which the strip described in the petition was a part) occupied by the respondent; and parol proof would be admissible to identify the farm, or land now constituting the farm, and thus enable the appellant to have the full benefit of the judgment as a plea in bar of a subsequent recovery.

The judgment in the action, not the verdict, is the operative proceeding by which the title to the premises taken for the road is secured to the company, and by which the rights of the parties in other respects are finally determined. The record is sufficient to authorize the entry of a judgment in such form as will protect all parties.

The objection to the verdict, therefore, is not well taken.

We see no error which is fatal to the proceedings, or for which a new trial should be granted.

The order appealed from is affirmed.