WILLIAM H. SHERWOOD & another *vs.* ST. PAUL & CHICAGO RAILWAY CO., (2d.case.)

Jan. 4, 1875.

**Condemnation of Land—Single Gross Sum awarded for the taking of Several Lots.—** *Sherwood* v. *St. Paul & C. R. Co.,* (*ante* p. 122,) followed as to the point, that where a strip of land appropriated by defendant for the purposes of its railway is part of a larger compact tract, and used and occupied as an entirety, it is proper to assess compensation for the appropriation in one gross sum, although such compact tract may be composed of several town lots and intervening streets, and although the strip appropriated may consist of several lots and parts of lots.

**Same.—**Same case followed as to the further point that upon appeal from an award of compensation by commissioners, it is proper for a jury to make an assessment in one gross sum, as above mentioned, although the commissioners have made separate assessments in respect to each lot.

**Same—Evidence of Damage.—***Curtis* v. *St. P., S. & T. F. R. Co.,* 20 Minn. 28, and other cases, followed as to the character of testimony admissible to show the amount of damage resulting to a land owner from the construction of a railway.

**Same—Damage to Plaintiffs' Business.—**This being a case in which the strip appropriated by defendant for the purpose of its railway, was, as claimed by plaintiffs, part of a larger tract used and occupied as an entirety, as a site for a brickyard, evidence was admissible to show that, by defendant's appropriation, plaintiffs were prevented from enlarging their works, and that, in consequence, the value of the brick-yard *as it was,* was depreciated.    It was also proper to consider, as an element of damage, the effect upon the value of plaintiffs' premises, and upon the convenience of conducting plaintiffs' business thereon, of the circumstance that in consequence of the construction of defendant's

railway, plaintiffs were put to the necessity of frequently, (as often as one hundred times a day, according to one witness,) crossing the track in hauling clay to their pits.

**Possession of Real Estate—Evidence of Title.**—Actual possession and use of real estate by a person are *prima facie* evidence of title in fee to the same in him, at least as against a stranger.

**Partnership Real Estate held in name of one Partner—Parol Evidence.**—Parol evidence may be received to show that land, the title to which is in the name of one partner, is held by him in trust for the firm of which he is a member, and that it is in fact the property of the partnership.

**Proceedings for Condemnation—Judgment on Appeal.**—Upon an appeal from an award of commissioners under defendant's charter, it is sufficient that the judgment follow the verdict in adjudging a gross sum to plaintiffs, the entry of judgment for the amount assessed by the verdict being all that is required by such charter.

Appeal by defendant from a judgment of the district court for Winona county.

*C. H. Berry,* for appellant.

*Mitchell & Yale,* for respondents.

BERRY, J. In a case of this kind, the statute provides that the respondents shall be styled plaintiffs, the appellant defendant. Laws 1857, Ex. Sess., ch. 1, § 13. The case in the district court was an appeal from an award of commissioners for the appropriation of plaintiffs' land for the purposes of defendant's railway.

1. It appeared that the strip of land appropriated by defendant was part of a larger tract, as to which the plaintiffs' theory was that it was one compact tract, used and occupied as an entirety, as a site for a brick-yard. This theory the evidence introduced by the plaintiffs tended to support. This tract of land was a part of the village of Dresbach, and upon the plat thereof was divided into separate lots and intervening streets, the latter, however, having been vacated. The commissioners made a separate award as to each lot, of which any portion was appropriated by the defendant. The jury, upon the trial in the district court, awarded a gross sum for the entire appropriation. If the plaintiffs' theory was believed by the jury to be correct, this award was entirely proper, as we have determined at this term, in another case between the same parties.

2. The objections to the testimony of Sherwood, Smith, Parrot, Potter and Johnson, in regard to the value, with and without the railroad, of the premises used and occupied, (as plaintiffs claimed,) as the site of the brick-yard, and in regard to the amount of damage resulting from the construction of the railroad, are completely met by what is said in answer to kindred objections in *Curtis* v. *St. P. S. & T. F. R. Co.*, 20 Minn. 28 ; *Colvill* v . *St. P. & Chicago R. Co.*, 19 Minn. 283 ; *Lehmicke* v. *St. P. S. & T. F. R. Co.*, 19 Minn. 464 ; *St. P. & S. C. R. Co.*, v. *Murphy*, 19 Minn. 500, 510 ; See also *Clark* v. *Baird*, 9 N. Y. 183 ; *Swan* v. *County of Middlesex*, 101 Mass. 173.

3. The evidence that, in consequence of the appropriation by defendant of a part of the tract forming the site of the brick-yard, plaintiffs were prevented from enlarging their works by putting in a fourth pit, was properly received, as contended by plaintiffs, for the purpose of showing that this fact depreciated the value of the brick-yard *as it was*, there being evidence tending to prove that, without such enlargement, one of the pits already constructed would be of little or no value, and the capacity of the yard would be proportionately affected. *Dorlan* v. *East Brandywine & W. R. Co.*, 46 Penn. St. 521.

It was entirely proper to consider, as an element of damage, the effect upon the value of the premises, and upon the convenience of conducting the plaintiffs' business thereon, of the circumstance, that, in consequence of the construction of defendant's railroad, plaintiffs were put to the necessity of frequently crossing, (about one hundred times a day as Sherwood testified,) the track, in hauling clay to their pits. *Minnesota Valley R. Co.* v. *Doran*, 17 Minn. 188, 196 ; *St. Paul & S. C. R. Co.* v. *Murphy*, 19 Minn. 500, 516 ; *Watson* v. *P. & C. R. Co.*, 37 Penn. St. 469. *Waldron* v. *Winona & St. P. R. Co.*, 11 Minn. 515, 531, is not an authority to the contrary.

4. We will not, at this time, undertake to decide whether or not, under the provisions of defendant's charter regu-

9

lating proceedings for condemnation, (§ 13, ch. 1, Laws, 1857, Ex. Sess.,) it would be true, as a general proposition, that there is no question of title for a jury in cases of this kind. See *Minnesota Valley R. Co.* v. *Doran*, 15 Minn. 230, 237; *St. Paul & S. C. R. Co.* v. *Matthews*, 16 Minn. 341, 350. However this may be, the defendant could not have suffered any prejudice in the case at bar by the instructions given to the jury by the court below, to the effect that they were not to look into the question of plaintiffs' title, and that there was no question of title for them to consider; for there was no dispute as to the fact that plaintiffs were, and for several years had been, in the actual possession and use of the premises forming, (as was claimed,) the site of the brick-yard, nor that the possession and use were under a claim of title. *Prima facie*, then, and, in the absence of something to the contrary, conclusively, plaintiffs were owners in fee, at least as against a stranger like the defendant. *St. Paul & S. C. R. Co.* v. *Matthews*, 16 Minn. 341, 351.

5. There was evidence in the case tending to show that the paper title to the premises above mentioned was in the plaintiff Sherwood. But notwithstanding this, as it appeared that the plaintiffs were partners, it might be that the land was held by Sherwood in trust for the partnership. Such trust would result from a purchase of the same in his name, with partnership funds and for partnership purposes, and its appropriation to the same. Such resulting trust would make the land the property of the partnership, at least in equity, and it would be competent to establish its existence by parol evidence. Parsons on Partnership, 364, 365; *Hoxie* v. *Carr*, 1 Sumner, 173, 182; *Jarvis* v. *Brooks*, 7 Foster, 37, 67; 4 Kent, 305; 1 Greenl. Ev. § 302; *McGuire* v. *Ramsey*, 4 Eng. 518; *Philips* v. *Crammond*, 2 Wash. C. Ct. 441; Gen. Stat., ch. 43, § 6; ch. 41, §§ 10, 11. If, then, in view of what we have before said in reference to the question of title, it was of any importance in this case, (as we do not perceive that it was,) to show the relation of the plaintiff Johnson to the premises, farther than

it was shown by the proof of possession and use with claim of title, the parol testimony of Sherwood, to the effect that, though the title was in his name, the property belonged to the partnership, was competent for that purpose.

6. The objections to the verdict because it was in a gross sum, and does not contain a separate award as to each lot appropriated in whole or in part, are answered by what is said as to a like verdict in the other and before mentioned case between these parties.   As to the judgment, it is sufficient that it follows the verdict in adjudging a gross sum to plaintiffs, the entry of judgment for the *amount assessed* being all that is required by the charter under which defendant acts.   § 13, *supra*.   The report of the commissioners, if in proper form, (as must be presumed in the absence of anything to the contrary,) the notice of appeal, (with and perhaps without) the settled case, show with sufficient certainty to what the verdict and judgment relate ; and the effect of the judgment in conferring rights upon the defendant is fixed and determined by the statute.   § 13, *supra; Minn. Central R. Co.* v. *McNamara*, 13 Minn. 508, 517 ; *St. Paul & S. C. R. Co.*, v. *Matthews*, 16 Minn. 341.   Certainly, there can be no more difficulty in ascertaining what the company will acquire, upon payment of the judgment, than there would be in ascertaining what they would have acquired, if, without appealing, they had paid the award of the commissioners, in which case the law does not provide for the entry of any judgment, or for any means of determining what is acquired, beyond such as are furnished by the report in which the award is contained, and such other papers as may be connected therewith.

Judgment affirmed.