### City of St. Paul *vs.* Hiram Rogers & others.

February 10, 1876.

City of St. Paul—Collection of Assessments—New Trial—Appeal.—Under § 70, ch. 7, of the charter of the city of St. Paul, which chapter regulates proceedings to enforce the collection of assessments for local improvements, the court has no power, after judgment has been entered, to grant a new trial, and an order denying a motion for a new trial, after the entry of judgment, is not an appealable order.

Appeal by defendants from an order of the court of common pleas of Ramsey county, refusing a new trial after a trial before *Simons*, J., without a jury. The proceedings in that court are fully stated in the report of the next following case.

*Gilman, Clough & Lane*, for appellants.

*W. A. Gorman* and *H. J. Horn*, for respondent.

Gilfillan, C. J. A judgment was rendered, pursuant to the charter of the city of St. Paul, against certain lots assessed for the cost of grading, paving and curbing Third street. After the judgment was entered the owners of these lots made a motion for a new trial, and from the order denying that motion an appeal is brought to this court.

The respondent moves for a dismissal on the ground that an appeal cannot be taken from such an order.

If the motion for a new trial might be made after the entry of judgment, the order denying it would be, according to the decision of this court in *Minnesota Valley R. Co.* v. *Doran,* 15 Minn. 230, an appealable order. But the respondent insists that § 70, of ch. 7, of the charter, excludes the power of the court to grant a new trial after a judgment has been entered. That section reads : " After judgment shall be ordered to be entered against any lot or real estate, for the non-payment of assessments, the same shall not be opened or set aside except for mistake or fraud in entering the same, or in ordering the same to be entered, any provision of the general laws of the state to the contrary notwithstanding." Sp. Laws 1874, p. 78, § 70.

The case is, therefore, to be governed, not by the general rules of law applicable to courts in dealing with their own judgments and records, but by the provisions of this statute alone. The section provides for opening or setting aside the judgment in two cases : *First.* " For mistake or fraud in entering the same." This undoubtedly refers to a case where, through mistake of the clerk, or fraud, the judgment as entered is not such as the court has directed to be entered. *Second.* For fraud or mistake " in ordering the same to be entered." The appellants claim that this covers the case of error of law or fact occurring at the trial, or in the decision of the court upon the trial, and justifies the court, not only in setting aside or opening the judgment, but in ordering a retrial because of such error. This, in view of the intention evidenced by the entire act to make the proceedings summary, would be, as we think, too large an interpretation. The language of the section does not expressly authorize a new trial, but only the setting aside the judgment, and does not state that it may be done for error occurring at the trial, or in the decision of

the case, but for mistake or fraud in ordering the judgment to be entered, which, we think, means a mistake occurring after the trial and decision, and in the order or direction to the clerk to enter judgment. For instance, the decision of the court might sustain or overrule the objection as to a particular lot, and the order for judgment might, through mistake, direct judgment against or in favor of such lot contrary to the decision and intention of the court; or there might in such order be a misdescription or mistake in amount; and we think the power given to the court to set aside or open the judgment, for mistake in ordering the same to be entered, is for the correction of this kind of mistakes, and to make the order and the judgment conform to the actual decision of the court.

The motion in this case was for a new trial, which we think the court could not grant after judgment entered, and the appellants not having any right to a new trial on that motion, whatever showing they might make, the order denying it does not affect a substantial right, so as to bring the case within Gen. St. ch. 86, § 8, sub-div. 6. The order is not appealable, and the appeal is dismissed.