SAXTON *v.* NEW YORK EL. R. CO. *et al.*

*(Superior Court of New York City, General Term. March 14, 1892.)*

ELEVATED RAILROADS—DAMAGES TO PROPERTY—HEARSAY EVIDENCE.

Declarations made by tenants of an apartment house as to the entry of dirt and smoke from an elevated railroad into their rooms, because of which they were forced to keep their windows closed, but not assigned by them as reasons for giving up apartments in the house, testified to by the janitor, were mere hearsay, and improperly admitted in evidence.

Appeal from special term.

Action by James Saxton against the New York Elevated Railroad Company and another. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before SEDGWICK, C. J., and DUGRO and GILDERSLEEVE, JJ.

*Arthur O. Townsend,* for appellants. *E. W. Tyler,* for respondent.

PER CURIAM. This is the usual action against the defendants to enjoin them from maintaining and operating their elevated road in front of plaintiff's premises. On the trial a witness was called who was the janitor of the building in question. He testified to a reduction of rent through a course of years. The counsel for plaintiff then asked what during these years have the tenants stated as the ground of their objection to their Third-Avenue rooms, and, if so, have they given substantially the same objection, or a variety of objections. The answer was, there is one objection; they made objection referring to different objects; different things in connection with the elevated road,—all the objections refer to the elevated. The objection was to dirt and noise from the elevated road. They cannot open the windows, because, if they do, they get the dirt in their rooms, in the best part of the house, in front.

The question that called out this testimony was validly excepted to, on the ground that the declarations of the tenants were hearsay. The declarations did not accompany the tenants leaving apartments, and were not the statement of reasons for not taking them. In either of such cases, there might be room to argue that the declaration was part of a transaction. They were but isolated utterances of different individuals, not under oath or subject to cross-examination. There are some questions in this case which, perhaps, are like those on the same subject considered in the *Bohm and Somers Case*, (N. Y. App.) 29 N. E. Rep. 802. These cases had not been decided at the time of the trial here. It is not necessary to pass upon the question now, as the new trial will be had under the cases in the court of appeals. Judgment reversed, and new trial ordered, with costs to abide the event. All concur.