(14 Misc. Rep. 284.)

### MURTHA v. METROPOLITAN EL. RY. CO. et al.

(Common Pleas of New York City and County, General Term. November 4, 1895.)

ELEVATED RAILROADS—INJURY TO ABUTTER—HEARSAY EVIDENCE.

    In an action to enjoin the operation of defendant's elevated railroad on the streets on which plaintiff's premises abut, testimony of a real-estate agent that many persons to whom he offered to rent property on the line of defendant's road, for residence purposes, said that they would not live along that line with the nuisance of the road running there, is hearsay.

Appeal from judgment on report of referee.

Action by John Murtha against the Metropolitan Elevated Railway Company and the Manhattan Railway Company to enjoin the maintenance and operation of defendants' elevated railway in the street in front of plaintiff's premises. From a judgment in favor of plaintiff for injunctive relief, and damages for the loss of rental value, defendants appeal. Reversed.

Argued before BISCHOFF and PRYOR, JJ.

Julien T. Davies and Frederick Allis, for appellants.
Thomas E. Murtha, for respondent.

BISCHOFF, J. For material error in the admission of incompetent evidence against the objection of the defendants' counsel, the judgment must be reversed. Upon his direct examination, Waterlow, called for the plaintiff as an expert touching fee and rental

values, was asked: "Can you state more specifically what that difficulty has been in renting property on Sixth avenue since the erection of the elevated road, as compared with a period before its erection on Sixth avenue north of 42d street?" The question did not necessarily call for hearsay testimony, and the objection of the defendants' counsel upon that ground was therefore properly overruled. The witness, however, answered: "There would be the objection of parties who applied to rent apartments. When I tell them I have certain property on the line of Sixth avenue, mentioning different places, they would state—on an average, three, probably, out of every five, at least—that they would not live along that line with the nuisance of the road running there." The record as printed reads: "There would be the objection to parties," etc., but by oral stipulation of counsel in open court, upon the argument of the appeal, the record was corrected as above quoted.

The motion of the defendants' counsel to strike the last-mentioned answer out as hearsay should have been granted. Mooney v. Railroad Co. (Com. Pl.) 9 N. Y. Supp. 522; Saxton v. Railroad Co. (Super. N. Y.) 18 N. Y. Supp. 188. The statements of the persons applying to rent apartments, more particularly in premises other than those in suit, were not admissible as part of the res gestæ. They were in no sense concomitant with any fact in issue, which latter the statements would serve to illustrate. 1 Greenl. Ev. § 108 et seq.; 1 Rice, Ev. p. 375, § 212; Underh. Ev. § 54 et seq.; Waldele v. Railroad, 95 N. Y. 274; People v. O'Neill, 112 N. Y. 355, 361, 19 N. E. 796. The witness' entire answer was affected with the vice alluded to. Hence, it cannot be successfully urged that the motion of the defendants' counsel was properly denied, because it comprehended the elimination of matter which was not open to the objection stated. Again, the objectionable testimony bore upon a material point,—the agency of the defendants' elevated railroad in the lessening of the rental value of the plaintiff's premises,—and from the record we are unable to say that the testimony found no lodgment in the mind of the referee, and that it was not considered by him prejudicially to the defendants in reaching the conclusions made and required in support of the recovery.

Judgment reversed, and new trial ordered; costs to the appellants to abide the event.