SARA J. KEENE, Respondent, *v.* THE METROPOLITAN ELEVATED RAILWAY COMPANY and Others, Appellants.

*Damages caused by an elevated railroad — not awarded for premises not fronting on the avenue on which such railroad is.*

Where real property is so situated that it is properly considered as a single parcel, although the total frontage may not be upon the street occupied by an elevated railroad, damages may be allowed for injuries to it caused by the construction, maintenance and operation of the railroad, but where such premises are improved by buildings distinct within themselves, some of them having no frontage upon the avenue on which such railroad is operated, it is erroneous to award damages for an alleged injury to such of the premises as have no frontage on such avenue; the fact that there is architectural unity of construction in such buildings and unity of ownership does not alter the rule.

APPEAL by the defendants, The Metropolitan Elevated Railway Company and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 30th day of August, 1893, upon the decision of the court rendered after a trial at the New York Special Term.

*B. Tolles*, for the appellants.

*J. A. Murray*, for the respondent.

Van Brunt, P. J.:

This action was brought to obtain an injunction against the operation of the defendants' railroad or the payment of damages because of the interference with easements in the street in front of the plaintiff's premises. The premises in question are situated at the southwest corner of Ninth avenue and Fifty-seventh street, having a frontage on the avenue of 125 feet and on the street of 100 feet. The defendants have constructed and maintained and are operating an elevated railroad on Ninth avenue. The building upon the premises in question was constructed in 1880 and 1881, and was intended for use and is now used as an apartment house. The building is divided into five distinct and unconnected apartments on each floor except the first and eighth floors. These apartments are parallel with Ninth avenue, except one which fronts on Ninth avenue and runs across the rear of the other apartments. The apartment on the corner of Ninth avenue and Fifty-seventh street and the apartment fronting on Ninth avenue in the rear of the other apartments are the only ones fronting on Ninth avenue. In the award made in this action damages were allowed for alleged injuries to the apartments which had no frontage on Ninth avenue as well as to the two which had such frontage, and the question presented upon this appeal is whether such an allowance can be justified.

It seems to us that it cannot. The three apartments which fronted on Fifty-seventh street had no easements of light, air and access upon Ninth avenue. While damages have been allowed where premises are so situated that they are to be considered as a single parcel, although the total frontage might not be upon the street occupied by the elevated railway, yet where such premises are improved by buildings distinct within themselves, some of them having no frontage upon the avenue occupied by the railroad, it is difficult to see upon what theory an award for the destruction of easements upon the avenue upon which such buildings have no frontage can be predicated. In the case at bar the three apartments have no frontage upon Ninth avenue, the street occupied by the railroad. They, therefore, can have no easement in the light, air

and access upon such avenue, as such easements have been held to belong only to the abutting owner. The apartments in question, therefore, do not seem to come within the class to which relief has been granted in actions of this character.

It has been urged that because of the fact of there being unity of construction in the building and unity of ownership a different rule should obtain. But it is apparent that notwithstanding the unity of construction and unity of ownership these premises are occupied as distinct and separate buildings, just as much as though there was no architectural unity and there was a division of ownership. It is difficult to see how mere architectural unity or single ownership can give an easement upon a street where none would exist even if the occupation was the same and the interior arrangements were the same but the exterior appearance showed diversity.

We think, therefore, under the findings of the learned court at Special Term, that the apartments fronting upon Fifty-seventh street had no right to enter into the consideration of a recovery.

The judgment should be reversed and new trial ordered, with costs to appellants to abide the event.

PARKER and BARRETT, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellants to abide event.