the plaintiff could not recover.　In the case of Bell v. McConnell, 37 Ohio St. 399, it is said:

"It is equally clear, both upon principle and authority, that in case of such double employment he can recover from neither, where his employment by either is concealed from, or not assented to by, the other. * * * It is no answer to say that the second employer, having knowledge of the first employment, should be held liable on his promise, because he could not be defrauded in the transaction. The contract itself is void as against public policy and good morals, and, both parties thereto being in pari delicto, the law will leave them as it finds them."

See, also, Capener v. Hogan, 40 Ohio St. 203.

The judgment was clearly right, and should be affirmed, with costs, with leave to the plaintiff to withdraw the demurrer upon payment of costs in this court and in the court below.　All concur.

---

LIVINGSTON et al. v. MANHATTAN RY. et al.

(Supreme Court, Appellate Division, First Department. May 1, 1896.)

1. APPEAL—JUDGMENT—AMENDMENT.
Where a judgment for damages to the fee value of land by the construction of an elevated road along the street on which it abuts, by the description in the complaint, which included land which did not abut on the street, being, through inadvertence, adopted, allowed damages for the nonabutting land, but the findings of fact and conclusions of law on which the judgment was based expressly excluded damages for such land, the judgment should, on appeal, be amended so as to conform the description to the finding of facts and conclusions of law.

2. EMINENT DOMAIN—ELEVATED RAILROADS—INJURIES TO ABUTTING PROPERTY —DAMAGES TO FEE.
An award of $7,500 as damages to the fee value of land by the construction of an elevated road along the street on which the land abutted was not excessive, where the land had a frontage of 84 feet on the street, and it appeared that the construction of the road prevented the street from becoming one of the principal business streets of a large city.

3. SAME—LOSS OF EASEMENTS OF LIGHT AND AIR—EVIDENCE TO ESTABLISH.
In an action for damages to buildings by their being deprived of easements of light and air by the construction of an elevated railroad along the street, on the west side of which they abutted, there was evidence that originally another lot was between the east line of the lot on which they were located and the street; that in widening the street, in 1868, 25 feet were taken off the land abutting on the west side of the street, the commissioners having ascertained that the intervening lot was 25 feet 3 inches wide; that the deed in 1838 to plaintiff's remote grantor called for the east line of the lot 25 feet west from the then west line of the street; that the deed to plaintiff's testator in 1876 called for the then west line of the street as the east line of the lot; that the east wall of the building was located on a line with the west line of the street. *Held*, that a finding that the east line of plaintiff's lot was the west line of the street, and that the buildings located thereon were deprived, by the construction of the road, of the appurtenant easements of light and air, was warranted.

Appeal from special term, New York county.

Action by Ruth Livingston and others against the Manhattan Railway and another for damages to the fee value of property by construction of defendants' elevated road along the public street on which it abuts, and for an injunction.　From a judgment en-

tered after trial at special term for plaintiffs, defendants appeal. Modified.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

A. O. Townsend, for appellants.
J. B. Ludlow, for respondents.

PATTERSON, J. The judgment appealed from in this case directs that the defendants be perpetually enjoined from maintaining and operating an elevated railroad on South Fifth avenue, in the city of New York, in front of and opposite to premises known as "Nos. 47 and 49 Grand Street" and "220 South Fifth Avenue," unless, within a specified time, the defendants shall pay the sum of $7,500 for damages to the fee value of the property, caused by the taking of certain easements appurtenant to such property, and contains the other ordinary provisions of decrees in cases of this character. It also provides for a money recovery for past damages, in amounts aggregating something over $1,000. The main ground upon which this decree is attacked by the appellants is that the court below has attached easements to much of the land of the plaintiffs, to which land, as matter of fact, no easements taken by the railway company were appurtenant.

The premises in suit, although descriptively known as "Nos. 47 and 49 Grand Street" and "220 South Fifth Avenue," constitute a plot of ground at the southwest corner of Grand street and South Fifth avenue, with a frontage of 34 feet and 6 inches on Grand street, and about 84 feet on South Fifth avenue. Of this 84 feet on South Fifth avenue, the southerly 34 feet constitute the frontage of No. 220 South Fifth avenue, that lot being 35 feet deep. The premises on Grand street are divided into two lots, of equal size; No. 47 being to the west, and No. 49 the corner lot. Each of the three lots has a separate building upon it, of rather an inferior character. No. 47 Grand street is distinct from No. 49 Grand street, and, as a separate property, the building on it undoubtedly has no benefit of easement of light, air, or access from any part of the South Fifth avenue frontage of the plaintiffs' land, as the two structures on Grand street now exist. Although the decree is drawn in the manner above stated, yet it is quite clear, from the findings and conclusions of the court below, that it was not intended to adjudge, as matter of fact, that the premises No. 47 Grand street were so affected by the presence and operation of the elevated road as to entitle the plaintiffs either to an injunction or past damages as to that number (47), either separately, or as forming part of one consolidated plot of property. The sixty-fourth finding of fact distinctly states that "the past damages found do not include any damages with respect to the building No. 47 Grand street," and the twentieth conclusion of law is that the plaintiff is not entitled to any recovery with respect to the premises known as "No. 47 Grand Street." In the face of that finding of fact and that conclusion of law, it cannot be inferred that in the fixing of the amount of de-

preciation in fee value, and the ascertainment of damage to rental value, the learned court intended to make any award, distinctly, for No. 47 Grand street. The twenty-seventh and the twenty-ninth conclusions of law specifically exclude No. 47 Grand street, and, as those are the clauses of the findings which directed what the judgment should be, it is obvious that the whole scope of the decision was confined to the easterly frontage of 220 South Fifth avenue and 49 Grand street, and that in the judgment itself the reference to 47 Grand street is merely a misdescription of what was contemplated by the findings of fact and the conclusions of law, or rather the insertion in the decree of the description of the whole premises of the plaintiffs, in block, and not separated. This mere casual error in the description of the premises in the decree is one which does not call for a reversal of the judgment, but only for an amendment of the decree by making it conform to the findings of fact and conclusions of law, by striking out the words "47 Grand street," where they occur therein.

There remains, however, another question, respecting the condition of the South Fifth avenue frontage of the premises 49 Grand street. The position is taken by the defendants that for a depth of 50 feet on South Fifth avenue, southerly from the corner of Grand street, there is interposed between the easterly line of the plaintiffs' premises and the street line a strip of 3 inches in width, that the title to this strip of 50 feet by 3 inches is not in the plaintiffs, and that the easements of light, air, and access on South Fifth avenue are not appurtenant to the plaintiffs' land, but to this strip of 3 inches in width. The plaintiffs deny the existence of any such strip at all, and claim title to and possession of all of the land up to the easterly street line of South Fifth avenue, and have introduced evidence to show title as claimed. In the first and third findings of fact the court has found the title and easements to be in the plaintiffs, and that Maturin Livingston, the plaintiffs' testator and devisor, acquired the title to the Grand street lots in March, 1876, and 220 South Fifth avenue on the 15th day of April, 1885. The alleged facts connected with the defendants' claim seem to be as follows: Prior to 1870, South Fifth avenue was known as "Laurens Street." That street was widened on the westerly side, under proceedings taken for that purpose in the year 1868. At the southwest corner of Laurens and Grand streets was situated a lot known as "No. 51 Grand Street," having a depth of about 58 feet on Laurens street. No. 51 Grand street was described in the proceedings as having a frontage of 25 feet, "more or less." The commissioners for widening Laurens street took just 25 feet of the lot No. 51 Grand street; and it was ascertained, according to the contention of the defendants, that the lot was 25 feet and 3 inches wide, and that that left the strip of 3 inches on the westerly side of the improvement, being the strip of 3 inches referred to in this action. The question is raised as to whom these 3 inches belong. On the other hand, the plaintiff has shown a clear title to, and possession of, all of the Grand street frontage, including 47 and 49, to the westerly street

line of Laurens street. That title is deduced originally from a warranty deed made by George Lovett in the year 1838. The premises conveyed by that deed were 47 and 49 Grand street, and they are referred to as being 25 feet westerly from the southwesterly corner of Grand street and Laurens street, and the easterly line is drawn parallel with Laurens street, so that under this deed from Lovett the easterly line of 49 Grand street was, according to the description of the deed referred to, exactly 25 feet from the westerly line of Laurens street, and passed the 3 inches to Lovett's grantee, because only 25 feet were taken in the improvement from lot No. 51 Grand street. When Maturin Livingston became the owner of the premises, in 1876, lots 47 and 49 Grand street were conveyed by one deed, and as an entire piece of property. They are described as beginning at the corner formed by the intersection of the southerly line of Grand street and the westerly line of South Fifth avenue. As Laurens street has been widened, the westerly line of the demise runs, by the description, "northerly, along the westerly side of South Fifth avenue, fifty feet, to the point or place of beginning." These conveyances, therefore, show that Maturin Livingston, in 1876,—two years before the elevated railroad was built on South Fifth avenue,—not only had the legal title to the premises in question, and to the whole of the land included within this strip, but that he was in possession thereof; and the proof also shows that the easterly wall of 49 Grand street abutted on the avenue, and the building was served by the easements which the court found had been taken or interfered with by the construction and operation of the elevated road. There is much more evidence of a documentary character to show the title of the plaintiffs to this so-called strip of 3 inches, and the court below was not in error in its finding establishing the plaintiffs' right and title to this part of the premises in question. We think there is, therefore, no fair ground for controversy respecting the plaintiffs' lot No. 49 Grand street abutting upon the avenue in which the defendants' structure exists, and that the cases referred to by the learned counsel for the appellants, of Keene v. Railway Co., 79 Hun, 451, 29 N. Y. Supp. 971; Mooney v. Railway Co., 9 N. Y. Supp. 522,—and similar cases, do not apply.

We have already referred to the finding of the court respecting the premises No. 47 Grand street. The point is taken that the rulings of the court are inconsistent with the judgment, and cannot be made to harmonize with it. But, as already stated, we think it is so apparent that the draftsman of the decree has merely made a misdescription that it is unnecessary to make any further reference to that point.

Concerning the amount fixed by the court as fee damage, we think that the allowance was not only reasonable, but that it was adopted on proper principles. We find that the award was made for damages to the easements appurtenant to the whole 84 feet on South Fifth avenue. It is unnecessary to go over what was testified to respecting the history of South Fifth avenue after it became known by that name, on the widening of Laurens street, and the facts con-

cerning the construction and operation of the elevated railway in that street, the effect of which was undoubtedly to take from what was then the widest street west of Broadway all of the business which it was contemplated would settle there, as a part of that general locality of the city known as the "Dry-Goods District." Important business of that character was diverted into parallel streets, on which there was no elevated structure, such as Green and Wooster streets, and the improvements that were beginning to be made on South Fifth avenue ceased, as soon as it was known that an elevated road would occupy it. The business moved away from it, and it became the haunt of low people, and a street with very disreputable places of resort. The general deterioration of the street was thoroughly proven, and, upon the testimony of the experts, the court was fully justified in making the allowance for the depreciation of fee value.

We do not find that there was any error in the conclusions at which the court arrived respecting the rental values. As to 220 South Fifth avenue, they were awarded at the rate of $100 a year only from the 1st day of February, 1888, to the time of the trial, which was proper, there having been an outstanding lease which ran to 1877. The depreciation in rental values was proven. As to 49 Grand street, an allowance was made of only $50 a year for six years prior to the commencement of the suit, and we see no reason for interfering with that amount. And, as stated before, as to No. 47 Grand street no award for past damages was made at all.

On the whole case, we think the conclusions of the court were right, and that the judgment should be modified by striking out any reference to No. 47 Grand street; and, with that modification, the judgment should be affirmed, with costs. All concur.