| | |
|---|---|
| 67 | 319 |
| 159 | 438 |
| 67 | 319 |
| 173 | 525 |
| 67 | 319 |
| 194 | ³578 |

# JAMES MIX

## *v.*

# THE LAFAYETTE, BLOOMINGTON AND MISSISSIPPI RAILWAY COMPANY.

1. RIGHT OF WAY—*evidence on assessment of damages—ordinance.* On the assessment of damages to certain town lots, caused by the location of the side track of a railroad on the street fronting them, and within a few feet of such lots, it appeared that the petition stated that such track was to be

constructed and maintained according to the terms and conditions of certain ordinances of the town: *Held*, that the ordinances were properly admissible in evidence on behalf of the petitioner, as tending to show the mode of construction of the track, and the probable manner of its use, and thus having a legitimate bearing upon the question of damages.

2. SAME—*damage to other lots constituting same tract.* In a proceeding to acquire a right of way for a side track along a street upon which the defendant had twenty-eight lots lying together and constituting an entire tract, the petition only referred to the lots abutting upon the street, and asked for an assessment of damages in respect to them. On the trial, the defendant offered proof of damage to the entire ground, which the court refused: *Held*, that under the petition the court ruled properly. If the defendant had filed his cross-petition, setting up that he was the owner of the other ground not described in the original petition, which would be damaged, and claimed that the damages thereto might be assessed, it seems that he might have had the damages assessed which would be caused to the entire piece of ground.

3. SAME—*damages caused by obstructing street.* On the assessment of damages to an adjoining lot owner, caused by the establishment of a side track of a railroad in a public street of a town, it is error for the court, by instruction, to exclude from the estimate of damages the obstruction of the street from the necessary running of railway trains.

4. Where an ordinance of a town prohibited the obstruction of its streets by railway trains for more than fifteen minutes, this was *held*, not to legalize such obstructions for that length of time, so as to exclude it from the estimate of damages to contiguous property which might be injuriously affected thereby.

5. SAME—*evidence as to use of property on question of damages.* Where, on the assessment of damages to lots abutting upon a street sought to be taken for a side track of a railroad, the owner gave evidence that the proposed location would render his lots useless for business purposes, it was *held*, that it was competent for the railway company to show that the property could be beneficially used for warehouse purposes, or for any other purpose.

6. SAME—*instruction as to damages.* Where a party claimed damages by the location of a side track of a railroad in the street close to his lots, the court instructed the jury that the damages to be allowed to him could only be such, in kind, as lots not lying or abutting on the same street, but in the vicinity, did not sustain in any degree: *Held*, that the instruction was erroneous, as it virtually cut off all claim for damages.

7. In the same case, the court instructed the jury, for the railway company, "that the law of this State does not grant indemnity for all losses or damage occasioned by the building of a railroad, such as inconvenience arising from the crossing of railroad tracks by the public or

individuals, or from noise and confusion of passing trains, smoke from same, or frightening horses," etc.: *Held*, as applicable to this case, where the track was along a street within from ten to eighteen feet of the front line of lots abutting on the street, that the instruction was improper and especially calculated to mislead the jury to the lot owner's prejudice.

APPEAL from the County Court of Ford county; the Hon. DAVID PATTON, Judge, presiding.

Mr. J. R. KINNEAR, for the appellant.

Mr. O. T. REEVES, and Mr. C. R. DICKINSON, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a proceeding on the part of the appellee, to condemn the right of way and assess the damages, if any, to four lots of ground owned by appellant, which abut on Holmes street, in Paxton, to be caused by the construction of a side track along the street in front of the lots and upon the north side of the company's main track, between the main track and the lots. The side track, as projected, will not touch the lots, but will run within a few feet of the south line of three of the lots, and some eighteen feet from the south line of the other one.

It is first complained of, by the appellant, as error in the proceedings below, that the court admitted in evidence certain ordinances of the village of Paxton. The petition set out that the side track was to be constructed and maintained in pursuance of and in accordance with the terms and conditions of a certain ordinance of the town of Paxton. One of the ordinances was the one thus referred to in the petition, and the others were in regard to the same subject, and for regulating the speed of trains, and preventing the blocking of street crossings for more than fifteen minutes at one time. As tending to show the mode of construction of the track, and the probable manner of its use, we think the ordinances had a legitimate bearing upon the question of damages, and were properly admitted in evidence.

It was in evidence that the appellant was the owner of some twenty-eight lots in the same blocks with the lots sought to be condemned, and adjoining upon and connected with them as one lot or piece of ground; and the appellant offered proof of damage as to the two entire pieces of ground of which the lots in question thus formed portions; but the court excluded the testimony, and confined the inquiry to the particular lots described in the petition, and this is assigned as error. This ruling of the court was correct. The evidence offered was not pertinent to the subject of inquiry involved in the proceeding. To have rendered it so, the appellant should first have filed his cross-petition, setting up that he was the owner of this other ground not described in the original petition, which would be damaged by the construction of the proposed side track, and made claim to have the damages thereto likewise assessed. Had that course been adopted, we are inclined to hold that the appellant would have been entitled to have assessed the damages which would be caused to the entire pieces of ground of which the lots in question formed but portions.

It is assigned for error that the verdict is not supported by the evidence, but we see no reason to interfere with the finding of the jury upon the evidence.

It is further urged that the court erred in modifying appellant's instructions, and in giving instructions for appellee.

The third instruction for the appellant, that the jury might take into consideration all damages arising from the passage of trains, and blocking up the street, the court gave with this modification: "Given with the exception of the fifteen minutes the law allows for trains to stand on side tracks on the street." And the fifth instruction for the appellee as to damages by obstruction of the street, the court gave after modifying it thus: "Given with the qualification of obstruction by necessary travel of railroad trains."

One of the ordinances of the town of Paxton, given in evidence, provided, that no train, locomotive, or car of the

company should be allowed to stand upon a street crossing for more than fifteen minutes at one time, under a penalty of not less than twenty-five dollars.

Obviously, this did not legalize such obstruction of a street crossing by the railway company for the space of fifteen minutes at a time, so as to exclude it from the consideration of damages to contiguous property which might be injuriously affected thereby.

It was improper, in our view, to exclude from the estimate of damages the obstruction of the street from the necessary running of railway trains. It was inconsistent, too, with the third instruction given for appellee.

The modifying of these instructions as above was erroneous.

The third instruction given for the appellant (it may be stated for the benefit of another trial,) was improper in telling the jury they could not take into consideration any benefit or advantage the side track would be to the property for a warehouse or any other purpose.

Evidence was given on the part of the appellant, that after the construction of the side track, the property could not be used for certain purposes; and there was testimony even to the effect that it would be rendered useless for any business purpose.

In answer to this, it was certainly competent for the appellee to show that the property could be beneficially used for a warehouse or any other purpose. It was as competent for the appellee to show wherein the property might be put to a profitable use after the construction of the side track, as it was for appellant to show wherein it would be useless.

Some of the instructions given for the appellee were to the effect that the damages to be allowed to the appellant could only be such, in kind, as lots not lying or abutting on Holmes street, but in the vicinity, do not sustain in any degree. It seems to us that the effect of these instructions would be to virtually cut off all claim for damages on the part of appellant. Upon inspection of the plat of the town offered in evidence,

and viewing the relative situation of adjacent lots, it is difficult to conceive that the damages testified to as to the lots in question, would not be sustained, in some degree, by lots in the vicinity which do not abut on Holmes street. We think such instructions should not have been given.

This instruction also was given for the appellee :

"The court instructs the jury, for petitioner, that the law of this State does not grant indemnity for all losses or damage occasioned by the building of a railroad, such as inconvenience arising from the crossing of railroad tracks by the public or individuals, or from noise and confusion of passing trains, smoke from same, or frightening horses, etc."

As applicable to the facts of this case, the construction of the side track of a railroad along a street, within from ten to eighteen feet of the front line of lots abutting on the street, this instruction was improper, as being especially calculated to mislead the jury to the prejudice of the appellant.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*

Mr. Justice Scott: This is a proceeding under the statute, and I am unable to discover that it confers any authority for filing a cross-petition.