MOONEY v. NEW YORK EL. R. CO. et al.

(Common Pleas of New York City and County, General Term. April 7, 1890.)

1. ELEVATED RAILROADS—INJURIES TO ABUTTERS—ADJOINING PROPERTY.
    In an action for damages caused by the maintenance of defendant's elevated railroad in the street in front of plaintiff's premises, damages are not recoverable for a rear building wholly unconnected with the main building, and having its entrance, and receiving its light and air, from another street, where defendant's structure does not exist.

2. SAME—CHANGE IN BUSINESS OF STREET.
    Where it appears that the rental value of the premises was unfavorably affected by changes in the business character of the street, it is error to allow plaintiff the whole difference between the value of the premises before and after the construction of the road.

3. SAME—EVIDENCE—HEARSAY.
    Testimony of a real-estate agent that not one in 20 would take property in the street in question, and that they assigned as their reason that it was "on account of the elevated railroad," is mere hearsay.

4. SAME—ADMISSION OF EVIDENCE.
    Defendants, having objected to plaintiff's showing the course of values in the immediate neighborhood, cannot afterwards introduce evidence of the same character.

Appeal from equity term.

An equity action by James Mooney against the New York Elevated Railroad Company and the Manhattan Railway Company, to recover damages sustained by reason of their railroad structure in front of plaintiff's premises, No. 399 Greenwich street, in the city of New York, and for an injunction against the maintenance and operation of the road. The injunction was granted unless defendants paid or tendered $7,000 to plaintiff, and $6,054.22

damages were also awarded to plaintiff.  Defendants appeal.  For former report, see 8 N. Y. Supp. 956.

Argued before DALY and BISCHOFF, JJ.

*Davies & Rapallo,* for appellants.  *Sackett & Bennett,* for respondent.

DALY, J.  The judgment should be reversed, and a new trial ordered, because the court allowed damages for a rear building which was not shown to be affected by the operation of the elevated railway, or the maintenance of its structure, and also because the amount for damages and for injury to the fee value was excessive.  The plaintiff's premises are situated on the north-east corner of Greenwich and Beach streets.  The lot is 25 feet in width on Greenwich street, and 100 feet in depth on Beach street, and is covered by two buildings, one of which is built in the rear of the lot in Beach street, is 25 by 50 feet, is wholly unconnected with the building fronting on Greenwich street, and has its entrance, and receives its light and air, from Beach street.  The elevated railroad structure does not extend in front of this rear building. The court did not distinguish between the front and rear buildings in its finding of the effect of the elevated structure and the operation of the road upon the plaintiff's premises, and admitted upon the trial, and against the objection of defendants, evidence of the rents received from such rear building.  It is also apparent from the description of the premises, in the findings, which were found to be affected by the structure and operation of the road, that the rear building was included in the estimate of damage caused by defendants.

It also appeared in evidence that the rental value of the premises was unfavorably affected by other causes than the construction, maintenance, and operation of the elevated road; yet the court allowed the plaintiff the whole difference, as testified to by plaintiff's witnesses, between the values of the premises before and after the construction of the road.  The evidence shows that part of the decrease in rents after the roads went into operation must have been due to changes in the business character of the neighborhood.  Up to the time the elevated roads were built, or until about 1880, market wagons congregated in this part of Greenwich street, and a large trade was attracted to the stores in the neighborhood in consequence.  Since 1880 the marketmen have gone up to the new market at Fort Gansevoort, and the trade has followed them.  This circumstance does not appear to have been given due weight in determining the actual damage occasioned by the elevated roads.

There seems, also, to be a good exception to a refusal to strike out hearsay testimony of a witness for plaintiff.  The witness Mr. Myers, a real-estate agent and expert, testified, as to Greenwich-Street property: "I cannot rent it.  Not one out of twenty who comes there will take Greenwich street, on account of the elevated road.  That is what they told me."  Defendants moved to strike out the words "on account of the elevated road," which should have been granted.

The refusal of the court to allow evidence on behalf of defendants of the decline in rents of neighboring property would have been error had not defendants previously objected to plaintiff's showing the course of values in the immediate neighborhood.  Their objection was that the evidence was "incompetent, irrelevant, immaterial, not within the issue, and not the proper measure of damages."  The objection was sustained; and, such evidence on plaintiff's behalf having been excluded on their objection, they could not be permitted afterwards to offer evidence of the same character.  For the other errors, however, the judgment should be reversed, and a new trial ordered, with costs to abide event.