METROPOLITAN WEST SIDE ELEVATED RAILROAD CO.

*v.*

WILLIAM T. JOHNSON *et al.*

*Filed at Ottawa January 20, 1896.*

1. EMINENT DOMAIN—*right of owner to damage to land not taken by condemnation.* A land owner is not deprived of the right to compensation for land not taken because he has platted it, and it is divided from that taken by a line designated on the plat.

2. PLEADING—*damage to adjacent lots recoverable by cross-petition, in condemnation.* Damages may be claimed by cross-petition for injury to adjoining or adjacent lots or tracts, suffered through the exercise of the power of eminent domain.

3. APPEALS AND ERRORS—*when finding of damages will stand, on appeal.* A verdict fixing damages in condemnation will not be disturbed, on appeal, as not supported by the evidence, where there is a conflict of testimony and the jury exercised their own judgment thereon, unless such verdict appears to be the result of passion, prejudice or undue influence.

4. SAME—*improper evidence not affecting the result will not reverse.* A judgment will not be reversed because of the admission or exclusion of evidence which could not have affected the result.

Appeal from the Superior Court of Cook county; the Hon. Nathaniel C. Sears, Judge, presiding.

E. J. Harkness, (W. W. Gurley, of counsel,) for appellant.

Matz & Fisher, for appellees.

Mr. Justice Wilkin delivered the opinion of the court:

The judgment appealed from gave appellant, by condemnation, the right of way for its road over city lots owned by appellees, awarding them $62,959.10 compensation and damages. The subdivision owned and platted by appellees lies north of North avenue, east of North Leavitt street and west of Milwaukee avenue, the latter running south-east and north-west. The subdivision consists of three tiers of lots, which may be designated as south, middle and north tiers. The south tier fronts on North avenue, extending back to an alley. The middle tier abuts on the same alley and fronts on Alice court, a street fifty feet wide and extending east and west through the subdivision. The north tier fronts on this court and extends north to the line of the plat. The lots are generally twenty-five feet wide and something over one hundred feet deep. Those fronting on Alice court have a building line established ten feet from the street. Owing to the diagonal course of Milwaukee avenue the dimensions of lots bordering on it vary somewhat from the above description. Appellant's line of road enters the subdivision from the south-east, about one hundred feet west of Milwaukee avenue, one branch of it extending parallel with the avenue across the entire subdivision. From a point east of the south line of the middle tier of lots a branch extends westward, for which the right of way condemned is about thirty-three feet, being taken off of the rear of that tier of lots. There are twenty-eight lots in this latter tier, all owned by appellees except three and one-half. As the line extends diagonally

through the property, the right of way taken is from thirty-three to forty feet in width.   Appellees, by cross-petition, set up that they were the owners of all the lots in the subdivision except eleven and one-half, named, and claim damages for injury resulting thereto by the taking of parts of those described in the petition.   In connection with the sworn testimony of witnesses introduced by the respective parties the jury viewed the premises, and returned their verdict awarding respondents $26,501.30 compensation for property taken, and for damages to the remainder of those lots portions of which are taken, and also for damages to lots, (naming them,) being a part of the premises described in the cross-petition, the sum of $36,457.80.

In their natural order, the first ground of reversal insisted upon is, that the trial court admitted evidence of injury to property, no part of which is taken, which is not contiguous to that actually taken, and which could not, therefore, be the proper subject of inquiry in this case.   On the trial respondents sought to introduce evidence of resulting injury to all lots owned by them in the subdivision.   Counsel for petitioner objected on the ground above set forth.   The court excluded the offered proof as to all lots separated from those partly taken by streets, alleys or lots owned by other parties, but admitted it as to those separated merely by lot lines.   The effect of this ruling was to admit testimony as to damages to lots 1, 2, 3 and 11 to 21 inclusive, in the north tier of lots, which are numbered from east to west.   Parts of lots 4 to 10, inclusive, were taken, therefore lot 3 joins the right of way condemned, on the east, being separated from the lots taken only by its platted line.   Lots 2 and 1 join it and each other in the same way.   The same is true of lot 11 and those extending westward from it to lot 22, which is owned by another party.   It is insisted by counsel for appellant that in admitting evidence as to damage as to these lots the trial court erred, and the case of *White* v.

*West Side Elevated Railroad Co.* 154 Ill. 620, is relied upon as sustaining their objection.   It was there held, that in a condemnation proceeding like this, damages to a lot separated from that sought to be taken by a street could not be recovered, because "the damages to it were not direct, resulting from the taking of any part of it, but were merely consequential," and it was said (p. 626): "The railway company was not required to include that property in its petition for condemnation; nor could appellants, by cross-petition, compel the adjustment of damages to property no part of which had been taken and which was not contiguous to the property taken." We do not think the question here raised falls within the rule there announced.   Here there is no physical obstruction between the lots taken and those claimed to be injured.   There is no line of division between them not under the absolute control of the respondents.   The lot lines were designated by them upon their plat of the subdivision merely for the purpose of their own convenience in selling the property.   If they had found it more to their advantage to sell the north tier of lots, from 1 to 21, inclusive, before the location of this right of way, they would have had the undoubted right to do so, regardless of the fact that lot lines had been established in their plat.

It is said here that lot 11 is not, within the meaning of the law, "contiguous" to lot 10, because separated from it by the dividing line designated on the plat.   It will not, however, be denied, but for the taking of this right of way the owners might have sold the east half of lot 11, with all or a portion of lot 10, regardless of this dividing line, just as they did do in selling lot 36 and a part of lot 37 in the middle tier.   In the case of farm lands it can hardly be contended that the government lines dividing a farm into tracts would be held to so separate one part of the farm from another as that they would cease to be contiguous, within the rule of law announced in *White* v. *West Side Elevated Railroad Co. supra.*   "Contiguous property,"

as used in our decisions holding that only such damages as result to the land described in the petition can be recovered, in the absence of a cross-petition, necessarily means property in some way distinguishable from the lot or tract a part of which is sought to be taken. (See *Chicago and Iowa Railroad Co.* v. *Hopkins*, 90 Ill. 316.) The petition itself must describe the lot or tract of land a part of which is sought to be taken, and injury to parts of it not taken may be recovered for without a cross-petition. It is only "in cases where the defendant to the original petition seeks to recover for contiguous property not mentioned in such petition" that a cross-petition need be filed. (*Chicago and Iowa Railroad Co.* v. *Hopkins, supra.*) If damages cannot be claimed for injury to adjoining or adjacent lots or tracts by cross-petition, then a cross-petition serves no purpose whatever. We think the ruling of the court below is in harmony with what was said in *Mix* v. *Lafayette, Bloomington and Mississippi Railway Co.* 67 Ill. 319, *Jones* v. *Chicago and Iowa Railroad Co.* 68 id. 380, and *Chicago and Iowa Railroad Co.* v. *Hopkins, supra*, and like cases.

But it is insisted that even in this view of the case the amount awarded appellees is unauthorized by the evidence. The testimony is conflicting. Based on that offered by the petitioner the verdict would necessarily have been for a much smaller amount, especially as to the damages allowed to property not taken. On the other hand, the testimony of witnesses sworn on behalf of respondents would have justified a verdict for a larger sum. The court properly instructed the jury, at request of the petitioner, that they were the sole judges of the credibility of the witnesses and of the weight to be given to their testimony, and that they were not necessarily bound by the testimony of any witness, but should give it only such weight as they might believe it entitled to in view of all the other evidence in the case, including their own view of the premises.

In the case of *Chicago and Evanston Railroad Co.* v. *Blake,* 116 Ill. 163, as here, the testimony of the various witnesses to the value of the land taken and damage to other not taken was in irreconcilable conflict, and it was there said (p. 166): "Had the jury disregarded their own examination of the property, and accepted, without qualification, the opinions and theory of the witnesses for the respondent, the compensation and damages awarded would have been increased by thousands of dollars. On the other hand, had they simply accepted the theory and opinions of the petitioner's witnesses the amount found by them would have been greatly diminished. So it is clear the jury must have exercised their own judgment in the matter. In such a diversity of opinion and conflict of testimony we are aware of no rule or principle that would authorize us to interpose on the ground the evidence does not support the verdict, especially as it may reasonably be supposed their verdict is based, at least to some extent, upon their own examination of the property." See, also, decisions cited and commented upon in *Atchison, Topeka and Santa Fe Railroad Co.* v. *Schneider,* 127 Ill. 144, and *Hercules Iron Works* v. *Elgin, Joliet and Eastern Railway Co.* 141 id. 491.

While the amount allowed as damages seems large in proportion to the fair market value of the property, we cannot, in view of the foregoing well settled rule, substitute our opinion in that regard for the verdict of the jury. It is not denied that this was valuable property, and chiefly so because of its being a desirable residence location. It was platted by the owners with a view to selling it for that purpose. The lots which had been sold were accompanied with an agreement that the purchasers should erect first-class residences thereon for their own use. Leaving out of the estimate all benefit to be derived by residents from the convenient and rapid transit afforded them by the improvement, it would, we assume, be conceded that the contiguous lots and parts of lots remaining were ren-

dered much less desirable for residence purposes. The extent to which the injury resulting will be compensated by the benefits to be derived is purely a matter of opinion. We are inclined to the view that the verdict of the jury is consistent with the weight of the testimony given by the respective witnesses. At least we cannot say that it is so far at variance with the preponderance of the evidence as to indicate that it was the result of passion, prejudice or undue influence.

A minor question is raised as to the correctness of the ruling of the court below upon the admission and exclusion of testimony, but we think there is no substantial ground for complaint in that regard. If the testimony objected to had been excluded, and that offered by petitioner, which was held incompetent, admitted, it could have in no way affected the result.

On the whole record we are of the opinion that no substantial error appears, and the judgment of the Superior Court will be affirmed.

*Judgment affirmed.*