(43 App. Div. 80.)

REILLY et al. v. MANHATTAN RY. CO. et al.

(Supreme Court, Appellate Division, First Department. July 18, 1899.)

EMINENT DOMAIN—ELEVATED ROAD—DAMAGES.
   Where there is one building on a lot fronting on an avenue on which an elevated road is constructed, but the rear portion of the building has its own entrance on another street, and the apartments therein are entirely distinct from the front apartments, the allowance of damages for the erection of an elevated railway for the store and apartments in the rear of the building is erroneous.
   Patterson and Ingraham, JJ., dissenting.

Appeal from special term, New York county.

Action by Edward Reilly and others against the Manhattan Railway Company and others to enjoin the construction and operation of an elevated road. From a judgment for plaintiffs, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, PATTERSON, McLAUGHLIN, and INGRAHAM, JJ.

Frederick Allis, for appellants.
Edwin M. Felt, for respondents.

PATTERSON, J. The correctness of the judgment from which this appeal is taken is challenged upon several grounds:

1. It is claimed that there is insufficient proof to authorize the amount awarded for damages to rental value, and of the amount fixed as that to be paid for depreciation of the fee value as the alternative to the issuing of an injunction. An examination of the evidence satisfies us that the amounts allowed are not only not excessive, but are reasonable.

2. It is urged that the judgment, so far as it relates to an injunction, should be reversed; the appellants claiming that the plaintiffs cannot make an absolute conveyance of the easements taken, so as to vest the whole title thereto in the defendants. The plaintiffs are seised of the premises as trustees under the will of Barnard Reilly, who gave to them his residuary estate, of which the premises involved in this suit are part, upon a trust upon the expiration of which unborn children of one of the testator's sons may be entitled to an interest in his real estate; and it is contended that such interest of unborn children in the easements taken by the defendants cannot now be conveyed or cut off. It is unnecessary for us to consider that contention, because by the seventh clause of the will a power of sale of the testator's real estate is given to the trustees. While there are specific purposes enumerated for which the power may be exercised, there is disjunctively given a discretionary power

of sale, which is a power for administration and management, and which the testator evidently intended to be exercised as a discretionary power; and there is a provision in the same seventh clause that the proceeds arising from any sale are to be held and disposed of and considered, in every respect, as substituted for the property thus sold.

3. It is further claimed that the judgment should not stand, because the damages awarded are in part for property not affected by the construction and operation of the defendant's railway. The premises are Nos. 215 and 217 First avenue, in the city of New York. There are two lots at the southwest corner of First avenue and Thirteenth street, with a frontage of 31 feet 8 inches on the avenue, and 86 feet deep. There is one building, covering both lots; but on the Thirteenth street side there is an entrance to the rear of the one structure, and that rear part is known as No. 354 East Thirteenth street. The whole building is within one inclosure, and under one roof. There is a store, the entrance to which is from the street, and the apartments above it are entered from the street, but the upper part of the whole building is accessible from the Thirteenth street entrance. It is not shown that there is an independent wall completely separating that part of the building which has an entrance on Thirteenth street from the rest of the structure. It is claimed that the court has found damage to the whole structure, and that by so doing there must have been included some award for impairment or depreciation of what is substantially an independent building on Thirteenth street, neither the fee nor the rental value of which has been affected by the elevated road. There is nothing in the proof to justify an inference that any part of the awards was made respecting the part of the building on Thirteenth street. Throughout the entire proof the alleged separateness of the Thirteenth street store and apartments from the frontage of the building is emphasized. The decision of the trial judge specifically states that the awards relate to 215 and 217 First avenue, and the only fact from which an inference is sought to be drawn that the awards also relate to the Thirteenth street store and apartments is that in the decision the description of the property is given, with the full dimensions of the two lots. It is not made to appear that the court did not bear in mind, nor give due weight to, the evidence respecting the situation and condition as to alleged separateness of the Thirteenth street store and apartments. The amounts allowed would indicate that it did, and, even if it did not, there were no such two independent and wholly unconnected buildings on those lots as would bring the case within the ruling in Mooney v. Railroad Co. (Com. Pl.) 9 N. Y. Supp. 522, and similar cases.

The judgment should be affirmed, with costs.

INGRAHAM, J., concurs.

BARRETT, J. While concurring in other respects in the opinion of Mr. Justice PATTERSON, I am unable to agree with him as to the rulings concerning No. 354 East Thirteenth street. This is the west-

erly 21 feet of the premises in suit, having this frontage upon Thirteenth street, and a depth equal to the width of the property upon First avenue. Upon the first floor of this portion of the lot there is a store, with apartments above it. There is but one building upon the whole lot, but it plainly appears that this rear portion of it is quite separate and distinct from the front. The tenant of the Thirteenth street store testifies:

"The entrance to that store is on Thirteenth street. There is no connection from my store to the store in the front of the building. There never has been while I lived in it. Always a separate store from the corner store."

As to the apartments, the plaintiffs' expert testified:

"Q. Do you consider that building in the rear a separate building? A. It is all under one roof. It has its own entrance. It has an entirely distinct set of apartments from the front apartments."

It seems quite clear that the two stores were actually walled off. That this was true of the apartments is not equally clear, but it does appear that they were architecturally distinct from those in front. To such facts the rule laid down in the Keene Case, 79 Hun, 451, 29 N. Y. Supp. 971, applies. In that case there were a number of "distinct and unconnected apartments," all in one building, and it was held erroneous to allow damages for such as did not front upon the avenue in which the elevated road ran. Van Brunt, P. J., said:

"It has been urged that, because of the fact of there being unity of construction in the building and unity of ownership, a different rule should obtain. But it is apparent that, notwithstanding the unity of construction and unity of ownership, these premises are occupied as distinct and separate buildings, just as much as though there was no architectural unity, and there was a division of ownership."

The rule thus laid down is quite satisfactory. Following it, we think that the allowance of any damage for either the store or the apartments of No. 354 East Thirteenth street was erroneous. It is quite plain that such damages were allowed. In the first place, the evidence as to loss of rents was admitted over explicit objection and exception. The evidence was incompetent, and should have been excluded; and, to remedy this error, it ought distinctly to appear that it was harmless. But, on the contrary, it affirmatively appears that the court acted upon the incompetent evidence, and awarded damages for this part of the premises. In its decision the court finds that the plaintiffs' testator owned the whole premises, 86 feet deep, that "attached to the plaintiffs' premises above described" were certain easements, and that for the deprivation of these easements the specified sums were due. Even if the apartments were not separated by a wall, they were, as in the Keene Case, "distinct and unconnected apartments,"—"distinct within themselves." In any event, it was erroneous here to allow damages for the Thirteenth street store, which was walled off from the front of the building. For this error there should be a reversal and new trial.

The judgment must be reversed, and new trial ordered, with costs to appellant to abide event.

VAN BRUNT, P. J., and McLAUGHLIN, J., concur.