## W. E. GARDNER, Respondent, v. CITY OF ST. JOSEPH, Appellant.

**Kansas City Court of Appeals, December 1, 1902.**

1. **Streets:** CHANGE OF GRADE: DAMAGES: ORDINANCE. In order to make a city liable for a change in the grade of a street, it is necessary to show an ordinance authorizing such change.

2. ———: ———: ———: ABUTTING LOTOWNER. A lotowner can not recover for an obstruction in a street unless his lot abuts upon the obstructed part of the street.

3. ———: ———: LATERAL SUPPORT: ABUTTING LOTOWNER. An ordinance authorized such a change of street grades that at the

Vol 96 mo app—42.

southeast corner of the street intersection the change was five and one-third feet. This corner barely touched the northwest corner of plaintiff's lot. *Held*, his egress and ingress to his lot over said corner and over the streets in front of and on the side of his premises was not interfered with, nor was the lateral support of his lot; and his injury, if any, was *injuria absque damno*.

Appeal from Buchanan Circuit Court.—*Hon. A. M. Woodson*, Judge.

REVERSED.

*Kendall B. Randolph* for appellant.

(1) The court erred in admitting in evidence, over the objections of the defendant, ordinance No. 2998 and the contract for the grading of Colorado avenue. Neither the ordinance nor contract was relevant to the issues made by the pleadings. The rule, too well known to need the citation of authorities, is: The evidence must correspond with the allegations of the petition, and be confined to the point at issue. (2) Refused instruction B aserts a well-understood rule of law, i. e., that an individual can not recover for a public nuisance, but only for a private nuisance. Rude v. St. Louis, 93 Mo. 408; Smith v. St. Joseph, 122 Mo. 648; Hickman v. Kansas City, 120 Mo. 110. (3) Refused instruction D correctly states the law of this case. There can be no damages in cases of this kind except such as arise from some physical disturbance of the right to the use of a street. (4) To refuse to give instruction E is equivalent to holding that the city would be liable to any property-holder from the mere fact that it establishes a grade, which when the work is done will cause either a cut or fill.

*Martin & Walker* for respondent.

(1) The court committed no error in the admission in evidence of the ordinance and contract in question. Such evidence came within the terms and allegations

of plaintiff's petition.    (2)  No error was committed in the admission of such evidence.    Smith v. Kansas City, 128 Mo. 23; Taylor v. Railway, 38 Mo. App. 668.   (3) No error was committed by the trial court in refusing to give instructions B, C, D and E, asked by defendant. There is no evidence in this case upon which to base instructions B and C.   An instruction not predicated on the evidence is erroneous.   Hays v. Bell, 16 Mo. 496; State v. Thompson, 83 Mo. 257; State v. Tice, 90 Mo. 112; Tyler v. Hall, 106 Mo. 313; Paddock v. Somes, 102 Mo. 226; State v. Parker, 106 Mo. 217; Wilkerson v. Eilers, 114 Mo. 245.

SMITH, P. J.—It is alleged in the plaintiff's petition that he was the owner in fee simple of lots 1, 2, 3 and 4, in block 5 of Clark's addition to the city of St. Joseph—the defendant—and that said lots abut Colorado avenue on the south side thereof and Barbara street on the west.   It was, however, conceded at the trial that the plaintiff did not own lots 3 and 4.   The petition further alleged that the defendant under a certain ordinance caused Colorado avenue and the approaches thereto to be graded "so as to cause a cut of about twelve feet in depth at the northwest corner of plaintiff's lots to about four feet in depth at the southwest corner of plaintiff's lots on Barbara street, and about six feet in depth sixty feet east of the northwest corner of said lots in Colorado avenue," etc.

The following diagram illustrates the location of plaintiff's lot and its relation to Colorado and Barbara streets and the street improvement complained of:

At a trial of the issues before a jury the plaintiff offered to read in evidence the ordinance referred to in his petition which was to the effect that "Colorado avenue between the east line of King Hill avenue and the east line of Barbara street be graded according to the specifications on file in the office of the city engineer." To the introduction of this ordinance the defendant raised the objection that it did not provide for grading the street in front, up to or against plaintiff's lots. These objections were by the court overruled and to which ruling defendant excepted. The ordinance did not authorize the grading of Colorado avenue or Barbara street in front of plaintiff's lots. The northwest corner of plaintiff's lot 1 touches the southeast corner of the section of Colorado street which the ordinance directed to be graded. The plaintiff's lot corners with that of the graded section of said street exactly like section 12 does with section 2 in a township sectionized according to the United States land surveys. It is plain that the ordinance did not authorize the grading of either Colorado or Barbara streets at any point where plaintiff's lot abutted thereon. And if the grading had been done as alleged in plaintiff's

petition on said streets *in front of plaintiff's lot,* it was unauthorized by the said ordinance and there could be no liability of the defendant therefor. Werth v. Springfield, 22 Mo. App. 12; s. c., 78 Mo. 107; Rives v. Columbia, 80 Mo. App. 173; Thompson v. Boonville, 61 Mo. 282; Rowland v. Gallatin, 75 Mo. 134; Stewart v. Clinton, 79 Mo. 603. These cases establish the doctrine in this State that in cases like that before us, the defendant can only be held responsible for the acts of its officers, agents and servants in changing the grade of a street when such change is authorized by ordinance. And when the allegation of the plaintiff's petition is like that already quoted, the plaintiff is required to introduce in evidence an ordinance authorizing the change of grade in order to maintain his action.

It has been several times ruled in this State that before a lotowner can recover damages for an obstruction in a street, he must show that such obstruction is in that part of the street upon which his lot abuts. Rude v. St. Louis, 93 Mo. 408; Wallace v. Railway, 47 Mo. App. 491; Stephenson v. Railway, 68 Mo. App. 642. And this rule, we think, is equally applicable to a case like this where it is claimed by the lotowner that his lot has been rendered inaccessible by reason of an excavation in the street. His lot must abut on that part of the street excavated, otherwise he can not complain. And since the ordinance did not authorize the excavation to be made in front of plaintiff's lots on either of said streets, it did not sustain the allegation of the petition; nor did it tend to prove any liability on the part of the defendant for the injurious consequences alleged to have resulted to plaintiff from the street excavations in front of the latter's lot.

But it is contended that even if the excavation was not made in front of the plaintiff's lot, that it at least cornered with it, and as such excavation at said corner was 5.35 feet deep, that his right of ingress and egress at that point was impaired. It is quite difficult to see how this could be so. Suppose a line be extended vertically from the surface of the street as graded to that

of the plaintiff's lot between the southeast corner of the street improvement and the northwest corner of the plaintiff's lot, this alternated line would cover the exposed northwest corner of plaintiff's lot. but it would not be of the thickness of a hair, for while according to the principles of mathematical science it would have length, it would not have either breadth or thickness. It is clear that even before the street excavation was made it was physically impossible for plaintiff to have access to his lot from the street at the northwest corner thereof. It was then accessible on either side of that corner and is still so, for it is not pretended that the excavation, as authorized by the ordinance, has there rendered it less so. Plaintiff can, as he has always done, enter his lot from either street without suffering the slightest inconvenience whatever on account of the excavation. It is true, he can not enter at the corner and never could. He can enter now as close to it as he could before the excavation was made.

It seems idle to contend that he has lost access at the corner. And the same is true as to the loss of lateral support. The quantity of earth removed from the corner of plaintiff's lot by the excavation is more fanciful than real. The extent to which the lateral support from the corner of plaintiff's lot has been withdrawn is measured by the length and breadth of the vertical line between that corner and the southeast corner of the section of the street graded, which is inconceivably small. This corner of plaintiff's lot has still all the lateral support it ever had. In making the grade there was no withdrawal of any lateral support from either side of it, and consequently none at any corner. The conditions have not been disturbed. As long as the grade in either of the streets is not extended in front of the plaintiff's lot, the question of lateral support can not arise. There was no evidence that the grade extended beyond the limits named in the ordinance.

The witnesses who gave their opinion as to the quantum of damages sustained by plaintiff evidently had in mind the condition plaintiff's property will

probably be in when the grade shall be extended further along the street in front of it. There was not shown a single legal element of damage upon which to base the opinion they expressed as to plaintiff's damages.

If there was an injury it was *injuria absque damno*.

It appears the case was tried upon the idea that there had been an impairment of the plaintiff's right of ingress and egress at the northwest corner of his lot, and the withdrawal of lateral support therefrom, for which he was entitled to damages. This was, as we think, entirely erroneous. Upon the undisputed physical facts, the plaintiff should have been denied a recovery. The defendant's demurrer to the evidence should, therefore, have been sustained.

For the error of the court in admitting said ordinance in evidence and denying the defendant's demurrer, the judgment, which was for plaintiff, must be reversed. All concur.