ERNEST A. BURDE, Appellant, v. THE CITY OF ST.
JOSEPH, Respondent.

Kansas City Court of Appeals, May 4, 1908.

1. **STREET GRADING: Damages: Abutting Property: Separate Tracks.** A lot to be damaged by changing the street grade must abut on the part of the street graded, but such damages need not be necessarily confined to the platted lot but may extend to two or more contiguous lots belonging to one owner and used by him as a unit, as for instance, a factory or hotel.

2. ———: ———: ———: ———. The controlling question in determining whether the lots contiguous to the abutting lot is entitled to damages is whether the area under consideration is so identified with the intervening land that under common ownership the two can not be separated in use without injury to the value of each; and where the two lots, as in this case, are occupied by independent residences the non-abutting lot is not entitled to damages.

Appeal from Buchanan Circuit Court.—*Hon. Henry
M. Ramey,* Judge.

AFFIRMED.

*James M. Wilson* for appellant.

(1)   Premises abut upon a street, road, or other premises where no other street, road, or land intervenes. 1 Am. and Eng. Ency. Law, page 222; Holt v. City Council, 127 Mass. 408. "Doubtless it is true that the words bounding and abutting have no such inflexible meaning as to require the lots assessed or injured to touch the improvement, though the usual meaning of the words is that the things spoken of do actually adjoin." 1 Am. and Eng. Ency. Law, 222; Cohen v. Cleveland, 43 Ohio St. 196; Laurence v. Killam, 11 Kan. 511; Standard Dictionary: "Abut;" as his estate abuts upon mine. Webster's International Dictionary.

W. B. Norris and O. E. Shultz for respondent.

(1)   The court did not commit error in refusing to permit plaintiff to show that lot six had been damaged by the grading of Lafayette street. Plaintiff's damages by reason of the grading of Lafayette street should be confined to the lot abutting on Lafayette street. Gardner v. St. Joseph, 96 Mo. App. 657; 57 L. R. A. note b, page 938, and note c, page 941; Sharp v. United States of America, 112 Fed. 893, 57 L. R. A. 932; Greenwood v. Railroad, 206; Jones and S. 482, 12 N. Y. Sup. 919; United States v. Inlots, 2 Am. Law Record, 577; Cooper v. Railroad, 85 Hun 217, 32 N. Y. Sup. 1054; Mooney v. Railroad, 16 Daly 145, 9 N. Y. Sup. 522; Keene v. Railroad, 79 Hun 451, 29 N. Y. Sup. 971; Springfield v. Green, 120 Ill. 276; Currie v. Railroad, 52 N. J. L. 392, 20 Atl. 56; Gibson v. Bridge Co., 192 Pa. 55, 43 Atl. 339; Reilly v. Railroad, 59 N. Y. Sup. 335. (2) The general rule is that damages by reason of the grading or obstructing of a street shall be confined to the lot immediately abutting upon the street complained of unless it be shown that the lot abutting on the street and those adjoining it are adapted to a common use. 57 L. R. A. 938, note b, page 941, note c; Elevator Company v. Railroad, 135 Mo. 365; Railroad v. Norcross, 137 Mo. 424; Currie v. Railroad, 52 N. J. L. 392, 20 Atl. 56; Sharp v. United States of America, 112 Fed. 893, 57 L. R. A. 932; United States v. Inlots, 2 Am. Law Record 577.

JOHNSON, J.—Plaintiff sued the city of St. Joseph for damages caused by the grading of LaFayette street in front of his property. He alleged, and the fact is conceded by defendant, "that said grading was done by defendant city in violation of section twenty-one of article two of the Constitution of the State of Missouri, and without first having ascertained or paid

or tendered to plaintiff his damages by reason of said grading."

It appears that plaintiff is the owner of lots five and six in Block 79, Patee's Sixth Addition to St. Joseph; that each lot is forty-five feet by one hundred and forty feet and abuts on Nineteenth street which runs north and south; that lot five adjoins LaFayette street which runs east and west, and that said lot lies between lot six and LaFayette street. Further, it appears that plaintiff acquired the lots at different times under separate deeds and that at the time of the grading, the improvements on lot five consisted of two dwelling houses facing LaFayette street and the improvements on lot six were three dwelling houses facing Nineteenth street. Plaintiff seeks to recover compensation for the damages to both lots on the theory that they form a single parcel of land abutting the street graded, but in the instructions to the jury, the trial judge held that each lot constituted a separate tract and directed that no damages be allowed on account of the injury, if any, to lot six, since it neither abutted on nor adjoined LaFayette street. This ruling affords the ground on which plaintiff who appealed asks us to reverse the judgment.

We held in Gardner v. City of St. Joseph, 96 Mo. App. 657, that a lot owner to be entitled to an award of damages on account of the grading of a public street must show that his lot abuts on that part of the street graded, but the term "lot" as used in this opinion and in other cases to which we have been cited does not mean necessarily the platted lot. Where two or more contiguous city lots belong to one owner and are used by him as a unit, or where not thus in actual use, were purchased in contemplation of being so unified and such contemplated use is the one best suited to the value of the lots, they should be treated as one parcel or lot for the purpose of awarding damages to the owner, on account of an injury to his right to the use of an adjoining

street which affords or will afford necessary means of ingress and egress to and from the property. Thus, two or more lots covered by a factory, hotel, or large business house, on account of their common use and ownership are one tract and should not be separated in the assessment of damages. On the other hand, cases are to be found where a single platted lot has been held to be properly divisible. In Mooney v. Railroad, 9 N. Y. Supp. 522, a lot ran through from street to street and contained two disconnected buildings, one fronting on each street. In an action for damages for the occupation of one street by an elevated railroad, it was held that damages to the building on the other side should not be estimated. Manifestly this conclusion rested on a sound premise. The owner had divided the lot in the manner best suited to its value and devoted the two parts to separate, independent uses. Thus divided, they were not one lot, in fact, because of their complete lack of unity.

The great weight of authority sustains the view that in the determination of the question of whether a given area of land which does not directly border on a graded street is to be regarded as a part of the abutting land, all of the facts and circumstances of the particular situation should be taken into account in solving the controlling question of whether the area under consideration is so identified with the intervening land that, under common ownership, the two cannot be separated in use without injury to the value of each. [Union Elevator Co. v. Railway, 135 Mo. 1. c. 365; Belt Railroad v. Norcross, 137 Mo. 1. c. 424; Gardner v. City of St. Joseph, supra; Sharp v. U. S., 112 Fed. 893, 57 L. R. A. 932, notes b and c, pp. 938, 941; Mooney v. Railway, supra; Currie v. Waverly, 20 Atl. 56; Gibson v. Bridge Co., 43 Atl. 339; Reilly v. Railway, 59 N. Y. Supp. 335; Holt v. City Council, 127 Mass. 408; Cohen v. Cleveland, 43 Oh. St. 196; Laurence v. Killam, 11 Kan. 511.]

Tested by these principles, it is clear the learned trial judge came to the right conclusion in the case before us. Not only were the lots divided by the recorded plat into independent subdivisions, separately acquired by plaintiff, treated by him as separate entities, but clearly the use to which they were put was that adapted to their greatest value. Both were used as sites for small dwellings and for that purpose one, in no sense, was dependent on the other. The grading of LaFayette street did not interfere with any easement properly belonging to the houses on lot six which faced Nineteenth street, and that lot cannot be regarded as abutting on the street graded.

The judgment is affirmed. All concur.