20127.   GAINES *v.* CITY OF CALHOUN.

D<small>ECIDED</small> S<small>EPTEMBER</small> 26, 1930.

*F. A. Cantrell, M. B. Eubanks,* for plaintiff.

*Y. A. Henderson,* for defendant.

STEPHENS, J. Mrs. Nannie C. Gaines sued the City of Calhoun for damages alleged to have been sustained by her in the depreciation of the market value of eight building lots, each being twenty-five by one hundred and twenty-nine feet, as a result of the raising of the grade of a street abutting these lots. Upon the trial of the case there was evidence as to the size and value of each lot both prior and subsequent to the execution of the work in the street. It also appeared from the evidence that at the time of the execution of the work the plaintiff was the owner of eight other building lots, each of about the same dimensions as the lots referred to in the petition, abutting upon the same street, and, in connection with the lots referred to in the petition, constituting a tract of land subdivided into a series of lots each of which abutted upon another; but it did not appear from the evidence that the value of any of the eight lots not referred to in the petition was in any wise affected, either by enhancement or depreciation, by the execution of the work. There was no evidence as to the adaptability of all the lots in aggregate for any purpose other than the separate adaptability of each lot as a building lot. It further appeared from the evidence that the work was done under a contract awarded by the City of Calhoun and through a contractor selected and paid by the city; that there was an agreement between the City of Calhoun and the State Highway Department that the work was to be done under an engineer satisfactory to the State Highway Department but appointed by the city, whose plans and specifications were to be approved by the State Highway Department; that the State Highway Department was to pay the City of Calhoun part of the cost of the work; and that the work was to be performed with the approval of the State Highway Department, which was to inspect the work "only in a general way to see that the plans and specifications are complied with." A nonsuit was granted, and the plaintiff excepted.

1. Where a municipal corporation undertakes to grade one of its streets through a contractor selected and paid for by it, although the State Highway Department, under an agreement with the

municipality, agrees to pay to the municipality a part of the cost of the work, and the work is to be performed under an engineer satisfactory to the State Highway Department, appointed by the municipality, whose plans and specifications must meet with the approval of the State Highway Department, and the State Highway Department is to inspect the work "only in a general way to see that the plans and specifications are complied with," the municipality, in performing the work is, as respects the State Highway Department, an independent contractor, and not the agent of the State Highway Department. This is true irrespective of whether the portion of the street graded, within the limits of the municipality, had become a "State-aid road" in a town or city having no more than 2500 inhabitants, as provided in the acts codified in 12 Park's Code Supp. 1926, § 828 (ppp), prov. 5; Michie's Code, § 828 (18, 19). Where the owner of property abutting upon the street so graded by the municipality sustains damage to the value of his property by virtue of a change in the grade of the street made by the municipality in accordance with the plans and specifications prescribed by the State Highway Department, the municipality is not relieved of liability to the property owner for the damage thus sustained, by reason of the fact that the damage resulted from a grade in the street made in accordance with the plans and specifications prescribed by the State Highway Department.

2. It is well settled that where a tract of land having a value and a peculiar utility as an entirety is affected by public work, the owner of the land, for the purpose of recovering for damage resulting from the performance of the work, can not sever from the entire tract a portion of it which has been peculiarly damaged, and recover damages without reference to the benefits accruing to the entire tract by reason of the performance of the work. This is upon the theory that the tract as an entirety possesses a value determinable by its particular adaptability for use as one and an entire tract, and that the value of any particular portion of the tract is dependent upon its being incorporated in the whole tract and not as constituting a separate entity, as where the tract in its entirety is adaptable to use as a site for a factory, hotel, farm, etc., to which an individual lot carved out of the tract is not adaptable. Potts v. Penn. S. V. R. Co., 119 Pa. 278 (13 Atl. 291, 4 Am. St. R. 646) ; Port Huron &c. R. Co. v. Voorheis, 50 Mich. 506 (15 N. W.

882.) ; Mix v. LaFayette &c. R. Co., 67 Ill. 319; St. Louis &c. R. Co. v. Aubuchon, 199 Mo. 352 (97 S. W. 867, 9 L. R. A. (N. S.) 426, 116 Am. St. R. 499, 8 Ann. Cas. 822) ; Sheldon v. Minn. & St. L. R. Co., 29 Minn. 318 (3 N. W. 134) ; Cameron v. Chicago &c. R. Co., 42 Minn. 75 (43 N. W. 785) ; Driver v. Western Union R. Co., 32 Wis. 569, 14 Am. R. 726) ; Kansas City R. Co., v. Norcross, 137 Mo. 415 (38 S. W. 299) ; Leavenworth &c. R. Co. v. Wilkins, 45 Kan. 674 (26 Pac. 16, 57 L. R. A. 932), note.

Where the entire tract has no adaptability peculiar to itself as an entirety, and can be subdivided without injury to its adaptability for use as an entire tract, and the value of a particular subdivision thereof is not dependent upon its being incorporated in the tract as part of the entity, as where the entire tract has been subdivided and platted into building lots, and the value of no individual lot is dependent upon its relationship to the entire tract, each lot, for the purpose of an assessment of the damages sustained by it as a result of the work, may be regarded as a separate and distinct tract, and the resulting damages to it are recoverable without reference to any benefits which, as a result of the work, may have accrued to the entire tract consisting of the lots in the aggregate. See the following cases wherein it was held that in case of two tracts of land belonging to the same owner and contiguous to each other, such as vacant building lots which had been platted, or land separated only by a roadway, or an alley, or a stream, but put to separate uses, damage to one tract is recoverable without reference to the effect of the work upon the other tract. Sharp v. United States, 191 U. S. 341 (24 Sup. Ct. 114, 48 L. ed. 211) ; Wilcox v. St. P. & N. P. R. Co., 35 Minn. 439 (29 N. W. 148) ; Koerper v. St. P. & N. P. R. Co., 42 Minn. 340 (44 N. W. 195) ; Evansville & Richmond R. Co. v. Charlton, 6 Ind. App. 56 (33 N. E. 129) ; St. L. &c. R. Co. v. Aubuchon, supra; Drake v. Bosworth, 149 Mo. App. 37 (124 S. W. 570) ; Burde v. St. Joseph, 130 Mo. App. 453 (110 S. W. 27) ; Reilly v. Manhattan Ry. Co., 43 App. Div. 80 (59 N. Y. Supp. 335) ; Mooney v. N. Y. El. Co., 16 Daly, 145 (9 N. Y. Supp. 522) ; Chicago v. Spoor, 190 Ill. 340 (60 N. E. 540) ; White v. Metropolitan West Side El. R. Co., 154 Ill. 620 (39 N. E. 270) ; Gibson v. Fifth Ave. Bridge Co., 192 Pa. 55 (43 Atl. 339, 73 Am. St. R. 795) ; Minn. Valley R. Co. v. Doran, 15 Minn. 230 ; Peck v. Bristol, 74 Conn. 483 (51 Atl. 521). The prin-

ciple announced in these cases is that where adjoining or contiguous parcels of land belonging to the same owner are put to separate and distinct uses, and do not together constitute one entire tract, damage to one of the parcels, as a result of the performance of public work in the neighborhood, is determinable without reference to the effect of the work upon the adjoining land.

The mere contiguity, however, of several parcels of land belonging to one owner does not in itself render the lots in the aggregate an entire tract. Wilcox *v.* St. P. &c. R. Co., supra; Koerper *v.* St. P. &c. R. Co., supra; Evansville & Richmond R. Co. *v.* Charlton, supra. Nor does the mere platting of a tract of land and its subdivision into vacant building lots necessarily destroy the oneness or unity of the entire property. Wyandotte &c. R. Co. *v.* Waldo, 70 Mo. 629; Cox *v.* Mason City &c. R. Co., 77 Iowa, 20 (41 N. W. 475); Reisner *v.* Atchison &c. R. Co., 27 Kan. 382; Metropolitan &c. R. Co. *v.* Johnson, 159 Ill. 434 (42 N. E. 871); Currie *v.* Waverly &c. R. Co., 52 N. J. L. 381 (20 Atl. 56, 19 Am. St. R. 452); Lackawanna &c. R. Co. *v.* Arnot, 27 Hun (N. Y.), 151; Boston &c. R. Co. *v.* Turnbull, 31 Hun (N. Y.), 461. Yet where a tract of land has been platted and subdivided into building lots, each of which is separately adaptable to building purposes and has a value for such purposes separate and distinct from its value as a constituent part of the entire tract, and it does not appear that the entire tract consisting of the lots in the aggregate is, in its entirety, being put to any use to which it is peculiarly adaptable as an entire tract, or that it possesses any peculiar adaptability for use as an entire tract, although all the lots are vacant and unimproved, prima facie each individual lot is, for the purpose of assessing damages thereto resulting from public work in the neighborhood, a separate and distinct tract of land, and any damage to a particular lot resulting from the work is assessable without reference to any effect the performance of the work may have had upon the other lots or all the lots in the aggregate as constituting one tract. In Wilcox *v.* St. P. &c. R. Co., supra, it is stated as follows: "It is perhaps impossible to establish any rule applicable to such cases which will not be subject to criticism. But in respect to city property in fact unoccupied, but which appears to have been platted or divided into blocks and lots, nothing more being shown, the property should be treated as lots or blocks, intended for use as such,

and not as one entire tract. Prima facie that character has been given to it by the proprietor. Presumably the division or platting was with a view to use the property, or to its disposal and ultimate use, in such subdivisions as have been made; and if any facts exist which might be considered sufficient to rebut this presumption, they should be disclosed." In Koerper v. St. P. & N. P. R. Co., supra, it is stated that "The property in question . . was urban property which had been platted and divided into 10 lots. Presumably this division was with a view to its disposal and ultimate use in such subdivisions. If nothing more should be shown, each lot should be treated as a separate tract.. Prima facie that character had been given to it by the proprietors; and if any facts existed sufficient to rebut this presumption, the burden was on the plaintiffs to prove them. . . So far as the plaintiffs are concerned, they have offered no evidence reasonably tending to overcome the prima facie character of the lots as separate or distinct tracts, or tending to show that they have devoted them to actual and permanent use as one tract."

While all the cases cited have reference to claims by the owner of the land for damage to an entire tract, or several parcels of land alleged as constituting an entire tract, where one of the parcels is taken or damaged for public purposes, and while the two Minnesota cases cited seem to hold that the prima facie effect given to the platting and subdivision of the property by the owner into vacant building lots is because the plaintiff by his own act has undertaken to destroy the unity of the entire land, the principle announced in all these cases, it seems, should be applicable in a case such as the one now before the court, in which the plaintiff is suing for damage not to all of his land as constituting an entire tract, but to only a portion thereof, and where, upon the assumption that all her lots constituted an entire tract, the plaintiff could not recover if this entire tract, notwithstanding the damage to the portion which is the subject-matter of the suit, has not been damaged.

The opinion of Circuit Judge Gray, quoted with approval by the Supreme Court of the United States in Sharp v. United States, 191 U. S. 341, 354 et seq. (24 Sup. Ct. 114, 48 L. ed. 211), is as follows: "It is often difficult, when part of a tract is taken, to determine what is a distinct and independent tract; but the character of the holding, and the distinction between the residue of a

tract whose integrity is destroyed by the taking of what are merely other parcels or holdings of the same owner, must be kept in mind in the practical application of the requirement to render just compensation for property taken for public uses. How it is applied must largely depend upon the facts of the particular case and the sound discretion of the court. All the testimony in this case tends to show the separateness of this tract which was the subject of the condemnation proceedings. It had never been farmed or used in connection with either of the other farms owned by the plaintiff in error. It was in no way reasonably or substantially necessary to the enjoyment of the other two tracts. Separated from it by a public road, the White farm, so called, had only been purchased by the plaintiff in error ten days before the proceedings for condemnation were begun. The authorities cited by the defendant in error fully support their contention in this respect. In Currie v. Waverly etc. R. R. Co., 23 Vroom, 392, cited by counsel for plaintiff in error for the proposition that where a part of a tract is taken for condemnation damages to the remaining land shall be given, the court also says: 'It is an established rule in law, in proceedings for condemnation of land, that the just compensation which the landowner is entitled to receive for his lands and damages thereto must be limited to the tract a portion of which is actually taken. The propriety of this rule is quite apparent. It is solely by virtue of his ownership of the tract invaded that the owner is entitled to incidental damages. His ownership of other lands is without legal significance.' It is enough to say, that, in our opinion, the two other farms or tracts of land owned by plaintiff in error constituted such separate and independent parcels as regards the land in question that they can not properly be spoken of as the residue of a tract of land from which the land in question was taken."

In *Williamson* v. *Savannah*, 19 *Ga. App.* 784, 790 (92 S. E. 291), where the plaintiff sued for damages to certain lots as a result of the raising of the grade in the street upon which the lots abutted, there was presented no question as to what constitutes an entire tract of land. The court in that case, upon the assumption that the lots alleged to have been damaged constituted, with other adjacent land of the same owner, an entire tract, held that a nonsuit was properly granted, because there was no evidence from

which it could be inferred that the market value of the entire tract had been decreased as a result of the work. It appears from the evidence in the report of that case, as well as from the record on file in the clerk's office of this court, that, although the land had been divided into building lots, it was adjacent to a railroad and was, as an entirety, adaptable as an industrial site. In the case now before the court there is no evidence whatsoever as to the adaptability of the plaintiff's land for any purpose other than building lots, and therefore each lot, prima facie, is a separate and distinct entity. The evidence therefore was sufficient to authorize a recovery by the plaintiff, and it was error to grant a nonsuit.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*